Michael T. Sullivan
Andrew T. Solomon
Karen E. Abravanel
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
(212) 660-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ X

NOVEL COMMODITIES S.A.,

            Plaintiff,

   - v -

QBE INSURANCE CORPORATION,

            Defendant.

------------------------------------------ X

No. 11-cv-6339 (PGG)

ECF CASE

**ANSWER
TO COUNTERCLAIM**

      Novel,[1] through its attorneys, Sullivan & Worcester LLP, responds as follows to QBE's Counterclaim (the "Counterclaim"):

      1.    Novel notes QBE's incorporation of its Answer to the Complaint in Paragraph 1 of the Counterclaim, to which further response is not required.

      2.    Novel denies the allegations contained in Paragraph 2 of the Counterclaim, except admits that Access Global Capital LLC ("AGC") and Novel executed an agreement dated June 8, 2010, to which Novel respectfully refers the Court for the content thereof, and notes that the single sentence from which QBE pleads an excerpt provides in full:

---

[1] Novel repeats and realleges the definitions set forth in the Complaint.

"Credit Insurance booked on behalf of Novel by Access Global Capital will be administration (sic) by the latter in strict conformity of the policy terms but always in coordination with Novel and as per their instructions."

3.  Novel denies the allegations contained in Paragraph 3 of the Counterclaim, except admits that:

    a.  QBE issued the Policy, dated October 16, 2009, to which Novel respectfully refers the Court for the content thereof;

    b.  the Policy's initial "Endorsed Credit Limit" was $10,000,000; and

    c.  Item 8 of the Policy Declaration states that the premium is $300,000.

4.  The allegations of Paragraph 4 of the Counterclaim are neither relevant nor material to any issue properly in dispute. As such, no response is required. Without waiving this position, to the extent a response is required, Novel denies knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 4, except admits that:

    a.  during 2009 and 2010 Novel considered alternatives to replace the insurance coverage previously provided by another company, including increasing the amount of insurance provided by QBE;

    b.  during this time, Novel, through ACG and Mr. Besch, and acting through Novel's brokers, Aon Trade Credit, inquired of QBE's interest in increasing the amount of insurance coverage provided under the Policy;

    c.  QBE subsequently increased the Policy's "Endorsed Limit" to $15,000,000 and agreed to indemnify Novel for an amount up to $13,500,000 of that "Endorsed Limit"; and

    d.  QBE thereafter issued Policy Endorsements 6 and 7, a copy of each of which is annexed to the Complaint, to which Novel respectfully refers the Court for the content thereof.

5. The allegations of Paragraph 5 of the Counterclaim are neither relevant nor material to any issue properly in dispute. As such, no response is required. Without waiving this position, to the extent a response is required, Novel denies knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 5.

6. Novel repeats and realleges its response to Paragraph 4 of the Counterclaim, except admits that it paid QBE an additional premium of $62,500.

7. The allegations of Paragraph 7 of the Counterclaim are neither relevant nor material to any issue properly in dispute. As such, no response is required. Without waiving this position, to the extent a response is required, Novel denies knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 7, except admits that Novel sought to increase the size of the Policy and that QBE declined to increase the size of the Policy.

8. Novel denies the allegations contained in Paragraph 8 of the Counterclaim and respectfully refers the Court to the Policy for the content thereof.

9. Novel denies the allegations in Paragraph 9 of the Counterclaim and respectfully refers the Court to the Policy for the content thereof.

10. Novel denies the allegations in Paragraph 10 of the Counterclaim, except admits that Covadonga's indebtedness to Novel exceeded $15,000,000 at certain times when the Policy was in force.

11. Novel denies the allegations in Paragraph 11 of the Counterclaim.

12. Novel denies the allegations in Paragraph 12 of the Counterclaim, except admits that Novel contends QBE is required to pay Novel $10,821,740.03, plus interest, and other relief as demanded in the Complaint.

13.     Paragraph 13 of the Counterclaim states a legal conclusion to which no response is required.

## GENERAL DENIALS

14.     Except as otherwise expressly admitted in Paragraphs 1 through 13, above, Novel denies each and every allegation contained in Paragraphs 1 through 13 of the Counterclaim including, without limitation, the headings and subheadings contained therein.  Pursuant to Federal Rule of Civil Procedure 8(b)(6), allegations contained in the Counterclaim to which no responsive pleading is required shall be deemed denied.

15.     With respect to all paragraphs in the Counterclaim in which QBE prays for relief, Novel denies that QBE is so entitled.

## AFFIRMATIVE DEFENSES

Novel asserts the following affirmative defenses.  In asserting these defenses, Novel does not assume the burden of proof with respect to any issues as to which the applicable law places the burden of proof upon QBE.

## FIRST DEFENSE

The Counterclaim fails for lack of a justiciable controversy because QBE has already denied coverage and breached its contractual obligations under the Policy.

## SECOND DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

Dated: New York, New York
       November 23, 2011

                              SULLIVAN & WORCESTER LLP

                              By: /s/_____
                              Michael T. Sullivan
                              Andrew T. Solomon
                              Karen E. Abravanel
                              1290 Avenue of the Americas, 29th Floor
                              New York, New York 10104
                              Telephone: (212) 660-3000
                              Facsimile: (212) 660-3001
                              msullivan@sandw.com
                              asolomon@sandw.com
                              kabravanel@sandw.com

                              *Attorneys for Plaintiff Novel Commodities S.A.*