UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
 NOVEL COMMODITIES S.A.,                 :
                                          :
                    Plaintiff,       :            No. 11-cv-6339 (PGG)
                                            :            ECF CASE
       v.                                :
                                            :
QBE INSURANCE CORPORATION,      :
                                            :
                    Defendant.     :
-------------------------------------------------------------X

## DEFENDANT QBE INSURANCE CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

*Attorneys for Defendant*
*QBE Insurance Corporation*

## PRELIMINARY STATEMENT

Defendant QBE Insurance Corporation ("QBE") respectfully submits this memorandum of law in opposition to plaintiff Novel Commodities S.A.'s ("Novel's") motion for reconsideration of that portion of the Court's March 30, 2013 Order that denied Novel's motion for summary judgment.  For the reasons set forth below, Novel's motion for reconsideration should be denied.

## ARGUMENT

### I.       THE LEGAL STANDARDS FOR RECONSIDERATION

A motion for reconsideration is "'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (Gardephe, J.) (quoting *In re Initial Pub. Offering Secs. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005)).  For this reason, motions for reconsideration of summary judgment rulings are rarely granted.  11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 56-317 (3d. ed. 1999).  The grounds for granting of a motion for reconsideration are narrow – motions are properly granted only upon a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice.  *Drapkin*, 818 F. Supp. 2d at 696.  Further, "'[r]econsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.'"  *Id.* at 695 (quoting *Christoforou v. Cadman Plaza N., Inc.*, No. 04 Civ. 08403 (KMW), 2009 U.S. Dist. LEXIS 25162, at *7 (S.D.N.Y. March 13, 2009).  Novel appears to argue that the first and third of these grounds for reconsideration apply.  As set forth below, they do not.

1

## II.   THE DECISION IN *VAM CHECK CASHING CORPORATION* DOES NOT CONSTITUTE AN INTERVENING CHANGE IN NEW YORK LAW

Contrary to Novel's arguments, the Court of Appeals's decision in *VAM Check Cashing Corp. v. Federal Insurance Co.*, 699 F.3d 727 (2d Cir. 2012), does not represent an intervening change in New York law.[1]  Most fundamentally, it is for the State Courts of New York State, most particularly the New York Court of Appeals, to determine New York State common law.  *See Deeper Life Christian Fellowship, Inc. v. Sobol*, 948 F.2d 79, 84 (2d Cir. 1991).  Notably, the Court of Appeals for the Second Circuit does not, anywhere in the *VAM* decision, purport to change New York law.

Indeed, there is nothing in *VAM* that is inconsistent with New York law as it currently exists.  Novel summarized the relevant New York law in its Opening Brief to its Motion for Summary Judgment:

> Where the terms of a policy admit of ambiguity, the court should afford the parties an opportunity to adduce extrinsic evidence as to their intent. … This invitation might result in three outcomes relevant under New York law: extrinsic evidence offered that raises a question of credibility or presents a choice among reasonable inferences; extrinsic evidence offered that fails to raise credibility or present such a choice; or no extrinsic evidence offered.  New York law requires a submission to the factfinder in the first situation, but a construction by the court as a matter of law in the second and third situations.

(Novel's MSJ Opening Brief at 12-13) (quoting *Uniroyal, Inc. v. Home Ins. Co.*, 707 F. Supp. 1368, 1374 (E.D.N.Y. 1988) and various state court decisions that are omitted).

---

[1] Novel acknowledges that, before the Court issued its Order, Novel submitted a letter brief to the Court concerning *VAM*.  It is therefore doubtful that *VAM* constitutes an intervening change in law.

*VAM* is entirely consistent with this statement of New York law and breaks no new ground.

*VAM* involved coverage for "robbery" under a crime insurance policy and the factual matrix of the case was undisputed by the parties.  Neither party offered extrinsic evidence to support its interpretation of the Policy language; the decision in *VAM* did not identify or address any extrinsic evidence.  Given the absence of extrinsic evidence, the third of the three possibilities cited above was applicable ("no extrinsic evidence offered").  For that reason, there was nothing for a jury to try and the courts properly decided the matter as a question of law.

That the *VAM* Court decided the matter as a question of law does not mean that it also decided that all courts must do so under all circumstances.  There is nothing in *VAM*, either expressly or to be fairly implied, that changes the well-settled New York common law that, where "extrinsic evidence raises a question of credibility or presents a choice among reasonable inferences," a court applying New York law must refer the matter to a trier of fact.  *Morgan Stanley Group, Inc. v. New England Ins. Co.*, 7 F. Supp. 2d 297, 301 (S.D.N.Y. 1998).

The Order correctly applied this principle of New York Law by considering QBE's extrinsic evidence,[2] determining that it presents a choice among reasonable

---

[2] Indeed, the only error of fact or law that QBE is aware of in the March 30 Order is the statement on page 9 that Exhibit 9 to QBE's Declaration of Michael A. Knoerzer "is of no value, because it involves different parties, and there is nothing in the record demonstrating that the policy at issue there had the same terms as the policy at issue here."  Exhibit 9 relates to the insurance policy between QBE and Novel for the previous policy term – a policy that, as QBE will demonstrate at trial, was written on the same policy form and the same terms as the policy at issue here.

inferences, and referring the matter to a trier of fact.  There is nothing in *VAM* that

requires a different result.

### III.     NOVEL'S NEWLY-RAISED ARGUMENT THAT THE ENDORSED CREDIT LIMIT OF THE POLICY IS AN EXCLUSION IS NOT PROPER GROUNDS FOR RECONSIDERATION

In briefing its motion for summary judgment, Novel argued that the "Co-

Insurance" clause was an exclusion that must be narrowly construed and, if an ambiguity

is found, must be construed against QBE.  (Novel's Opening Memorandum at 15 n.14;

Novel's Reply Memorandum at 3-4).[3]  Contrary to what Novel says on its motion for

reconsideration, Novel never contended in its motion for summary judgment submissions

that the Endorsed Credit Limit definition was an exclusion.

Now, for the first time in its Motion for Reconsideration, Novel argues that the

definition of Endorsed Credit Limit, or "ECL," is an exclusion that should be construed

against QBE.  This argument is entirely inappropriate in a motion for reconsideration, as

"the moving party may not advance new facts, issues or arguments not previously

presented to the Court."  *Drapkin*, 818 F. Supp. 2d at 695 (quoting *Christoforou v.*

*Cadman Plaza N., Inc.*, No. 04 Civ. 08403 (KMW), 2009 U.S. Dist. LEXIS 25162, at *7

(S.D.N.Y. March 19, 2009) (internal citations omitted)).

Even if Novel's newly-raised argument could be properly heard, it would fail on

the grounds it is inconsistent with New York law.  As noted by QBE in its Opposition to

Novel's Motion for Summary Judgment (at 7-8), the single case cited by Novel in support

---

[3] For the reasons set forth in QBE's Opposition to Novel's Motion for Summary Judgment and further set forth herein, Novel's argument that the Co-Insurance clause is an exclusion is incorrect.  The Order did not address the Co-Insurance provision and it does not appear to be a subject of Novel's motion for reconsideration.

of its argument that policy language limiting coverage should be read as an exclusion, *Stonewall Insurance Co. v. Asbestos Claims Management Corp.*, 73 F.3d 1178 (2d Cir.1995), has been characterized by the New York Court of Appeals as "unpersuasive." *Consolidated Edison Co. v. Allstate Insurance Co.*, 98 N.Y.2d 208 (N.Y. 2002).  The New York Court of Appeals has noted that "*Any* language providing coverage for certain events of necessity implicitly excludes other events.  Indeed, virtually all of the language in the policies following the initial grant of coverage has the effect of limiting the scope of coverage in one way or another." *Id.* at 219 (emphasis original).  Therefore, the court held that the fact that a policy term has the function of limiting coverage does not render it an exclusion.  The application of the ECL definition (which, like the Co-Insurance provision, merely defines and limits an aspect of coverage and is therefore *not* an exclusionary provision) does nothing to alter the fact that it is Novel's burden to prove that its claim is covered.  *MBIA Inc. v. Federal Ins. Co.*, 652 F.3d 152, 158 (2d Cir. 2011).  As Novel was unable to meet this burden, its Motion for Summary Judgment was properly denied by the Court.

### IV.    QBE'S EXTRINSIC EVIDENCE WAS SUFFICIENT TO DEFEAT SUMMARY JUDGMENT

Without meeting any of the conditions for the Court's reconsideration of its Order, Novel asks the Court to simply change its mind that QBE's extrinsic evidence presents a choice among reasonable inferences.  Novel's argument is contrary to New York law regarding rules for reconsideration and is particularly unwarranted given that Novel has offered no extrinsic evidence of its own.

Further, Novel mischaracterizes the law when it contends that QBE was required to submit *all* of its extrinsic evidence in its opposition to Novel's Motion for Summary

Judgment and (apparently) further contends that QBE should not be permitted to submit further extrinsic evidence at trial.  There is no such rule under New York law.  Instead, this Court has acknowledged that the requirement that a party "lay bare his proof" in response to a motion for summary judgment simply means that the party must "provide the Court with competent evidence in support of her position." *Pellegrino v. County of Orange*, 313 F. Supp. 2d 303, 318 n.7 (S.D.N.Y. 2004).  QBE has done just that and has overcome Novel's Motion for Summary Judgment.

This Court's decision in *Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 293 F. Supp. 2d 397 (S.D.N.Y. 2003), does not support Novel's position that QBE was required to submit all of its evidence in opposition to Novel's Motion for Summary Judgment.  *Weiss* relates to an issue upon which the Court *granted* partial summary judgment in defendant's favor dismissing a particular issue raised by plaintiff, as plaintiff had introduced no evidence about the issue in its summary judgment opposition and therefore failed to raise a disputed issue of material fact with respect to that issue.  *Id.* at 28.  Plaintiff sought to introduce evidence on that issue for the first time at trial, but the Court refused to allow a belated submission of evidence regarding the dismissed issue. *Id.*  The *Weiss* court did not, however, declare that extrinsic evidence concerning any "live" issues will be excluded.

*Weiss* was distinguished recently on circumstances quite similar to those presented here.  *Fragin v. Mezei*, 09 Civ. 10287 (AJN), 2012 U.S. Dist. LEXIS 180389 (S.D.N.Y. Dec. 20, 2012).  In the *Fragin* case, defendants (citing the *Weiss* decision) moved for reconsideration as well as exclusion of evidence at trial on the basis that plaintiffs were required to present *all* of their evidence of loss causation in opposition to

6

the defendants' summary judgment motion.  The Court denied the motion for reconsideration, holding that plaintiffs had satisfied their *de minimis* burden in defending a motion for summary judgment.  *Id.* at *6.  With respect to the defendants' contention that evidence of loss causation should be excluded at trial because the plaintiffs were required to present all such evidence in its opposition to a motion for summary judgment, the Court noted that "[s]uch a rule, if it existed, would be in direct tension with [an opposing party's] *de minimis* burden in defending a motion for summary judgment."  *Id.* at *7.  Additionally, the Court found *Weiss* "easily distinguishable" as it "simply excluded from trial evidence relating to a claim *dismissed on summary judgment*" (emphasis added), while in the matter before the Court (as here) "the Court has not dismissed Plaintiffs' fraud claims and has in fact held that Plaintiffs have adduced some evidence of loss causation."  *Id.*

As in the *Fragin* case, and as the Court held in its March 30 Order, QBE has provided extrinsic evidence sufficient to defeat Novel's Motion for Summary Judgment.  While QBE will adduce additional evidence at trial in support of its interpretation of the Policy, there was simply no requirement that it offer all such evidence in its Opposition submission, nor should the Court (as Novel suggests) infer from the evidence offered by QBE on the summary judgment motions that QBE has no additional evidence in its possession to submit at trial.  That QBE did not present all of its extrinsic evidence in its summary judgment submissions is not a bar to QBE's presentation of this information at trial.

**CONCLUSION**

For the foregoing reasons, QBE respectfully requests that the Court deny Novel's

motion for reconsideration.

New York, New York
April 15, 2013


CLYDE & CO US LLP



By:   /s/ Michael A. Knoerzer
       Michael A. Knoerzer
       Stephen M. Kennedy
       Victoria L. Melcher
       The Chrysler Building
       405 Lexington Avenue,
       16th Floor
       New York, New York 10174
       (212) 710-3900

       *Attorneys for Defendant*
       *QBE Insurance Corporation*

8