UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOVEL COMMODITIES S.A.,

                Plaintiff,              No. 11-cv-6339 (PGG)
                                          ECF CASE

      v.

QBE INSURANCE CORPORATION,

                Defendant.
------------------------------------------------------------X


## DEFENDANT QBE INSURANCE CORPORATION'S MOTION TO EXCLUDE EVIDENCE OF THE SCOPE OF NOVEL'S OTHER INSURANCE


CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

*Attorneys for Defendant
QBE Insurance Corporation*

QBE Insurance Corporation ("QBE") respectfully submits this memorandum of law in support of its motion *in limine* to exclude evidence regarding the scope and terms of the coverage provided by insurance policies issued to Plaintiff Novel Commodities S.A. ("Novel") <u>by insurers other than QBE</u>. Such evidence should be excluded as irrelevant and prejudicial.

## FACTS

The Policy issued by QBE that is at issue in this case covers the period from October 1, 2009 through September 30, 2010. In years prior to and after the QBE Policy that it is the subject of this action came into effect, Novel procured trade credit insurance coverage from at least three other insurers (AIG/National Union Fire Insurance Company of Pittsburgh, PA ("AIG/National Union"), Zurich Insurance Group ("Zurich"), and Euler Hermes American Credit Indemnity Company ("Euler Hermes")) (the "Other Insurer Policies").

In its First Document Request, QBE requested that Novel produce "All insurance policies entered into by Novel pursuant to which Novel obtained insurance with respect to its sales to Covadonga." *See* Knoerzer Aff.[1] at Ex. A, QBE's Request for Disclosure No. 10. In response to this request, Novel objected to producing documents concerning Other Insurer Policies on the ground they "are not relevant to any claim or defense in this case." *See* Knoerzer Aff. at Ex. B, Novel's Response to QBE's Request No. 10. As a consequence of Novel's refusal to produce these other policies, QBE was required to take the deposition of Novel witness James Besch without the benefit of having access to the Other Insurer Policies.

---

[1] Reference to Knoerzer Aff. are to the affirmation of Michael A. Knoerzer dated April 30, 2013 which is submitted with QBE's motions in limine.

2

Today, the day that the parties are due to submit their pre-trial submissions to the Court, Novel has changed its approach and has announced that it intends to produce one of the Other Insurer Policies – the Euler Hermes policy – and include it on its exhibit list for trial.

For the reasons set forth below, QBE seeks an order preventing Novel from attempting to introduce documentary evidence and testimony regarding the terms, conditions and scope of coverage afforded under the Other Insurer Policies, or any other policies issued by any insurer other than QBE. QBE is advised that the Euler Hermes Policy will appear as Exhibit 1 on plaintiff's exhibit list.

## ARGUMENT

### A. The Federal Rules of Evidence Prohibit the Admission of Irrelevant Evidence

Federal Rule of Evidence 104(a) provides that the Court must decide any preliminary questions about whether . . . evidence is admissible. FED. R. EVID. 104(a).

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." FED. R. EVID. 402. "Relevant evidence" means evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 401; *see Wall Data, Inc. v. Los Angeles County Sheriff's Dep't.*, 447 F.3d 769, 782 (9th Cir. 2006) (upholding a district court's exclusion of evidence that was "irrelevant" because it "did not deal specifically with the action at hand").

### B. Evidence Concerning Novel's Other Insurance Is Irrelevant and Inadmissible

Evidence regarding the terms, conditions and scope of coverage under the Euler Hermes Policy (and indeed all the Other Insurer Policies) is entirely irrelevant to the interpretation of the QBE Policy. The QBE Policy on its face does not follow form to the other insurers' policies, but is a standalone policy written on QBE's own Specific Account Policy form QBTC-003 (10-05). *See* Knoerzer Aff. at Ex. C. It is an integrated contract. For this reason, extrinsic evidence regarding the policies issued by other insurers is irrelevant.

### C. Testimony about the scope of coverage under the Euler Hermes Policy (or any other policy) is impermissible.

Even if the Euler Hermes policy were admitted into evidence, it would be impermissible for any witness to testify about the coverage afforded under that policy. It is well settled that a witness may not offer an opinion that amounts to a legal conclusion and that testimony as to the legal obligations of parties to an insurance policy constitutes a legal conclusion. *Breezy Point Cooperative, Inc. v. Cigna Property and Cas. Co.*, 868 F. Supp. 33, 36 (E.D.N.Y. 1994) (prohibiting expert witness from testifying as to his opinion as to the legal obligations of parties under an insurance policy).

### D. Introduction of evidence or testimony concerning the coverage of Novel's other policies would be prejudicial to QBE

Federal Rule of Evidence 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

4

Fed. R. Evid. 403.

Testimony or evidence concerning the scope of coverage provided by Novel's Other Insurer Policies would be unfairly prejudicial to QBE. QBE sought these policies in discovery and, had they been received in discovery, QBE would have had the opportunity to depose Novel's witness James Besch regarding them. Novel, however, refused to produce these policies on the grounds that they were "not relevant to any claim or defense in this case." Testimony about the coverage putatively afforded under the Euler Hermes policy would be unfairly prejudicial to QBE, as it might cause the jury to draw improper conclusions about the QBE Policy. QBE does not intend by this motion to exclude evidence regarding QBE's prior primary policy issued to Novel.

## CONCLUSION

For the foregoing reasons, the Court should grant QBE's motion in limine to exclude any evidence, including but not limited to Novel's Exhibit 1, regarding insurance policies issued to Novel by insurers other than QBE. The Court should also grant such other and further relief as may be just and proper.

Dated: April 30, 2013

CLYDE & Co US LLP

By: _____
Michael A. Knoerzer
Stephen M. Kennedy
Victoria L. Melcher
The Chrysler Building
405 Lexington Avenue,
16th Floor
New York, New York 10174
(212) 710-3900

*Attorneys for Defendant*
*QBE Insurance Corporation*