UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
  NOVEL COMMODITIES S.A.,                :

                        Plaintiff,       :      No. 11-cv-6339 (PGG)

                                 :      ECF CASE

      v.                          :

                                 :

QBE INSURANCE CORPORATION,      :

                                 :

                     Defendant.     :
-------------------------------------------------------------X

## DEFENDANT QBE INSURANCE CORPORATION'S
## MOTION TO EXCLUDE EVIDENCE OF CLAIMS HANDLING PROCEDURES
## OR BAD FAITH-TYPE EVIDENCE

CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

*Attorneys for Defendant*
*QBE Insurance Corporation*

## PRELIMINARY STATEMENT

QBE Insurance Corporation ("QBE") respectfully submits this memorandum of law in support of its motion in limine to exclude all evidence and testimony related to the claims handling procedures or other "bad faith-type" evidence concerning the claim at issue. Plaintiff Novel has made no allegation that QBE acted bad faith in handling the claim. Therefore, evidence of QBE's claims handling procedures and bad faith-type evidence is irrelevant and would be highly prejudicial if admitted.

## ARGUMENT

### A.    Evidence of Claims Handling Procedures Is Irrelevant To The Issues Before The Jury

Any fact that does not tend to make a fact "more or less probable" or "is of no consequence in determining the action" is not relevant. Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Here, the only issue to be decided by the jury is one of contract interpretation, i.e., whether the parties intended for the Policy to cover invoices issued by Novel to Covadonga in amounts that exceeded the Endorsed Credit Limit ("ECL"). How this issue will be decided turns solely on the relevant policy provisions and related extrinsic evidence, and not QBE's claims handling practices or procedures.

In *Royal Bahamian Assc., Inc. v. QBE Ins. Corp.*, 745 F. Supp. 2d 1380 (S.D. Florida 2010), the district court granted an insurer's motion to preclude evidence of its claims handling procedures in a coverage action involving only breach of contract claims and no cause of action for bad faith. *Id.* at 1381. In granting the motion, the court stated that "evidence of an insurance company's claims handling procedures is irrelevant to the determination of coverage and damages. These procedures are only relevant to a claim of

2

bad faith." 745 F. Supp. 2d at 1382 (citations omitted). The Court explained further that while "an insurer's claims handling procedures or other bad faith-related evidence may well be admissible and highly significant in a bad faith case," such evidence is not relevant to a breach of contract case. *Id.* at 1383.

As in *Royal Bahamian*, this case presents no issue of bad faith and instead presents straightforward breach of contract issues.  These issues can be resolved by looking at the policy language and the extrinsic evidence regarding the parties' intent. Evidence concerning QBE's claims handling practices has no bearing QBE's alleged duty to indemnify Novel and should therefore be excluded as irrelevant. Fed. R. Evid. 401, 402.

### B.      Evidence of Claims Handling Is Prejudicial and Confusing

Even if this court were to determine that evidence of QBE's claims handling procedures is relevant in this case, it should be precluded because whatever probative value it might may is far outweighed by the  prejudice it would cause QBE. *See* Federal Rule of Evidence 403; *Tolliver v. Liberty Mut. Ins. Co.*, C2:06-CV-904, 2010 WL 4053549, at *2 (S.D. Ohio 2010).

Federal Rule of Evidence 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.  Here, as explained below, courts have found that evidence concerning an insurance company's claims handling procedures in a breach of contract case should be excluded as unfairly prejudicial.

3

In *Royal Bahamian*, the court explained that "in addition to being irrelevant," admitting evidence of bad faith—including evidence of claims handling and opinion testimony about claims handling—in a breach of contract case presents a "real danger" of unduly prejudicing the defendant.  745 F. Supp. 2d at 1383.  For this reason, the court excluded opinion testimony about claims handling as well as any evidence of claims handling.  *Id.*

Similarly, in *Mendez v. Unitrin Direct Property & Cas. Ins. Co.*, 622 F. Supp. 2d 1233, 1239 (M.D. Florida 2007), the appellate court found that the district court had erred in admitting irrelevant evidence of claims handling at trial, concluding that the error "may have confused the jury" and therefore have prejudiced the defendant.  *Id.*  In part, because of that error and prejudice, the appellate court found that the evidence of claims handling should not have been admitted and ordered a new trial.  *Id.*; *cf., Hartford Ins. Co. of the Midwest v. Cleveland Public Library*, 2004 WL 5627184 at * 4 (N.D. Ohio 2004) (where evidence of non-compliance with statutory claims handling practices are not relevant to the issues being tried, such evidence is "extremely prejudicial" and "runs the risk of greatly confusing the issues in th[e] case.")

Here, because a jury might consider evidence of QBE's claims handling procedures as evidence of whether its denial of coverage was correct, there is a serious risk that admitting such evidence will prejudice and confuse the jury.  For this reason, QBE requests that the court exclude from the trial all evidence and argument concerning evidence of claims handling procedures and bad faith type evidence.

QBE does not intend by this motion to exclude evidence concerning the fact that it determined that part of Novel's claim was covered and that QBE paid Novel the amount of $1,160,927.59, which QBE submits is its entire obligation under the Policy.

## CONCLUSION

For the foregoing reasons, the Court should grant QBE's motion *in limine* to exclude evidence of QBE's claims handling procedures and bad faith type evidence.   The Court should also grant such other and further relief as may be just and proper.

Dated: April 30, 2013

CLYDE & CO US LLP

By: _____
Michael A. Knoerzer
Stephen M. Kennedy
Victoria L. Melcher
The Chrysler Building
405 Lexington Avenue,
16th Floor
New York, New York 10174
(212) 710-3900

*Attorneys for Defendant*
*QBE Insurance Corporation*