UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  NOVEL COMMODITIES S.A.,

                     Plaintiff,                   No. 11-cv-6339 (PGG)
                                                    ECF CASE

        v.

  QBE INSURANCE CORPORATION,

                     Defendant.
------------------------------------------------------------X

## DEFENDANT QBE INSURANCE CORPORATION'S
## MOTION TO EXCLUDE EVIDENCE OF
## WITNESSES WITHOUT FIRST-HAND KNOWLEDGE

CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

*Attorneys for Defendant*
*QBE Insurance Corporation*

QBE Insurance Corporation ("QBE") respectfully submits this memorandum of law in support of its motion in limine limiting the scope of testimony of Novel Commodities S.A.'s ("Novel's") witnesses to their personal knowledge. At least one of the witnesses Novel plans to call at trial appears to have no personal knowledge with respect to the intent of the persons negotiating the policy that is at issue in this litigation ("the Policy"). Witnesses without personal knowledge of the negotiations of the Policy have no relevant testimony to offer as respects their intent of the meaning of the Policy.

## FACTS

In the Pre-trial Order, Novel has named the following witnesses who will testify at trial on its case:

1. James Besch, principal of Novel's agent, Access Global Capital, LLC ("Access Global");
2. Frank Gouverne, former trader with Novel;
3. Wayne Bayer, QBE's underwriter.

The parties have stipulated in the Pre-trial Order that only Mr. Besch (on behalf of Novel), Mr. Bayer (on behalf of QBE) and John Hertzer (an employee of Novel's insurance broker AON), were involved in the negotiation of the Policy. *See* Ex. A to Pre-trial Order at 24. No other witnesses have personal knowledge of the negotiations and, for the reasons set forth below, no other witness should be permitted to testify as to the parties' intent at the time of entering into the Policy.[1]

By stipulation, Novel acknowledges that its witness Mr. Gouverne was not involved in the negotiation of the Policy and can therefore have no personal knowledge

2

regarding the intent of the parties at the time the Policy was entered into. For the reasons set forth below, Mr. Gouverne should not be permitted to testify about the intent of the parties when entering into the Policy.

## ARGUMENT

Persons without personal knowledge of matters are not permitted to testify on those matters under FRE 602, which provides:

> A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.

The commentary to Rule 602 requires a witness to be "a percipient witness whose testimony is grounded in first-hand information obtained through one of his or her five senses..." *Romanelli v. Long Island R.R. Co.*, 11 Civ. 2028 (SAS), 2012 U.S. Dist. LEXIS 97866, at *11 (S.D.N.Y. July 13, 2012).

Courts routinely find that testimony that is not based on a witness's personal knowledge is inadmissible. *See, e.g., Levy v. Bessemer Trust Co., N.A.*, 97 Civ. 1785 (JFK), 2000 U.S. Dist. LEXIS 13275, at *2 (S.D.N.Y. Sept. 13, 2000) (precluding testimony of witness whose deposition transcript made clear that he had no personal knowledge); *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 554 (E.D.N.Y. 2011) (precluding an Assistant District Attorney's testimony regarding an arrest in which she had no involvement); *Quinones v. Atlantic Hyundai*, , 06-cv-1626 (TLM), 2010 U.S. Dist. LEXIS 41401, at *6 (E.D.N.Y. 2010) (precluding testimony of witness regarding termination of an employee, where witness had no knowledge of the events surrounding the termination); *United States v. Blackwell*, 459 F.3d 739, 756 (6th Cir. 2006)

---

[1] QBE does not admit that Mr. Besch has personal knowledge of the intent of the parties, but believes that this fact must be proven at trial and not on this motion.

(upholding a district court decision to exclude testimony under FRE 602 since the witness had never personally seen the item at issue).

In the context of contract negotiations, courts have precluded the testimony of witnesses regarding their understanding of an agreement where the witnesses did not participate in the negotiation of the agreements. *See SCO Group, Inc. v. Novell, Inc.*, 2:04-CV-139 TS, 2010 U.S. Dist. LEXIS 15454, at *8 (D. UT. Feb. 22, 2010) (witness's "statements concerning his own understanding, as someone who was not involved with the drafting or the negotiation of either document, is not helpful to the trier of fact as it merely tells the jury the conclusion it should reach and is essentially a legal conclusion. For these reasons, the testimony will be excluded").

Because Mr. Gouverne had no involvement in the drafting or the negotiation of the Policy, he possesses no personal knowledge of the parties' intent concerning the Policy's terms and conditions. Accordingly, any testimony by Mr. Gouverne regarding the intent of Policy's terms and conditions would not be helpful to the jury, would be tantamount to a legal conclusion, and should be precluded.

## CONCLUSION

For the foregoing reasons, QBE respectfully submits that the Court should grant QBE's motion *in limine* to exclude testimony of Mr. Gouverne concerning Novel's intent in entering into the Policy and should also grant such other and further relief as may be just and proper.

Dated: April 30, 2013

                                        CLYDE & CO US LLP

By: /s/ Michael A. Knoerzer
     Michael A. Knoerzer
     Stephen M. Kennedy
     Victoria L. Melcher
     The Chrysler Building
     405 Lexington Avenue,
     16th Floor
     New York, New York 10174
     (212) 710-3900

     *Attorneys for Defendant*
     *QBE Insurance Corporation*

1012940v2