UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X
NOVEL COMMODITIES S.A.,

          Plaintiff,

  - v -

QBE INSURANCE CORPORATION,

          Defendant.
------------------------------------------- X

No. 11-cv-6339 (PGG)

ECF CASE

## PROPOSED JOINT PRETRIAL ORDER

The parties in the above-captioned action respectfully submit this Proposed Joint Pretrial Order, consistent with the terms of the Court's Individual Practices. Each party respectfully reserves the right to request leave of the Court to amend the information contained herein, upon reasonable notice to all other parties, should the facts and the circumstances of this action so require.

**I.   FULL CAPTION OF THE ACTION**

See above.

**II.  NAMES AND ADDRESSES OF TRIAL COUNSEL**

| For Novel Commodities S.A.: | For QBE Insurance Corporation: |
|---|---|
| SULLIVAN & WORCESTER LLP | CLYDE & CO US LLP |
| Michael T. Sullivan | Michael A. Knoerzer |
| Andrew T. Solomon | Stephen M. Kennedy |
| Karen E. Abravanel | Victoria L. Melcher |
| 1633 Broadway, 32nd Floor | 405 Lexington Avenue |
| New York, New York 10019 | New York, New York 10174 |
| Telephone: (212) 660-3000 | Telephone: (212) 710-3900 |
| Facsimile: (212) 660-3001 | Facsimile: (212) 710-3950 |

### III. JURISDICTION

The parties agree that subject matter jurisdiction in this action is appropriate based upon the complete diversity of the parties and an amount in controversy of more than $75,000, exclusive of costs and interest.  *See* 28 U.S.C. § 1332(a)(1).   Plaintiff Novel Commodities S.A. ("Novel") is a corporation organized and existing under and by virtue of the laws of Switzerland, with its principal place of business in Switzerland.  Defendant QBE Insurance Corporation ("QBE") is a corporation organized and existing under and by virtue of the laws of Pennsylvania, with its principal place of business in New York.  Novel seeks damages in excess of $10 million.  The parties further agree that venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c).

### III. CLAIMS AND DEFENSES TO BE TRIED

  A. <u>Novel's Claims and Defenses</u>: Novel asserts one common law claim against QBE for breach of its obligations to Novel under Trade Credit Insurance Policy No. DC/8800281/AE (the "Policy"), issued to Novel on October 16, 2009, arising out of QBE's refusal to indemnify Novel for losses claimed under the Policy.

  B. <u>QBE's Claims and Defenses</u>: QBE submits that its obligations under the Policy with respect to Novel's claimed loss were met in full by its payment to Novel on July 26, 2011 in the amount of $1,160,927.59, and that the amounts Novel now seeks relate to losses that are not insured by the Policy.

### IV. CALCULATION OF DAMAGES

  A. <u>Novel's Statement of Damages</u>: In this litigation, Novel seeks indemnity for a claimed loss under the Policy in the principal amount of $9,804,810.72, plus interest at the New York statutory rate of 9% from the date of the alleged breach.

        1.    <u>Principal</u>. The principal amount sought is agreed by the parties. It represents the total invoice value of the transactions in dispute, $12,042,882.43, less: (a) the Policy's deductible ($500,000.000); (b) the uninsured percentage under the Policy ($577,144.12); and (c) a partial payment against the claimed loss made by QBE to Novel on July 26, 2011 ($1,160,927.59).

        2.    <u>Interest</u>. Novel seeks interest at the rate of 9 percent per annum. The parties will submit a joint interest calculation to the Court before the conclusion of the trial.

    B.    <u>QBE's Statement of Damages</u>: QBE does not seek damages.

## VI. **TRIAL BY JURY**

The parties request trial by jury. The parties estimate that the trial will take 2-3 days.

## VII. **TRIAL BY MAGISTRATE**

The parties have not consented to the trial of this action by a magistrate judge.

## V. **STIPULATIONS**

    A.    <u>Stipulated Facts</u>: The parties have agreed to the Stipulated Facts attached hereto as **Exhibit A**. All parties reserve the right to object to the admissibility of any stipulated fact on the grounds of relevance. These stipulations of fact are for purposes of these actions and shall not be used in any other proceeding.

## VI. **WITNESSES**

    A.    <u>Plaintiff's Witnesses</u>:

        1.    Wayne Bayer (in-person)

        2.    James Besch (in-person)

        3.    Frank Gouverne (in-person)

B.  <u>Defendant's Witnesses:</u>

   1.  Wayne Bayer (in-person)

   2.  John Hertzer (in-person)

   3.  Randall West (in-person)

## VII. DEPOSITION TESTIMONY DESIGNATIONS

A.  <u>Plaintiff's Designations</u>: None.

B.  <u>Defendant's Designations</u>: None, on the representation that James Besch will testify in person.

## VIII. TRIAL EXHIBITS

A.  <u>Plaintiff's Exhibits</u>: Novel's list of exhibits to be used (in whole or in part) in its case in chief is attached hereto as **Exhibit B**.

B.  <u>Defendant's Exhibits</u>: QBE's list of exhibits to be used (in whole or in part) in its case in chief is attached hereto as **Exhibit C**.

C.  Both parties reserve the right to introduce at trial any exhibits listed by any party.

D.  Objections to exhibits are provided in each party's exhibit list, except that all objections based on lack of foundation are reserved for trial. In addition, a party is not precluded from objecting at trial pursuant to the rule of completeness (Fed. R. Evid. 106), to the extent another party offers in evidence only part of an exhibit. By including a particular document for use in its case in chief, a party does not concede the admissibility of such document if offered by another party. These submissions shall be without prejudice to any party's ability to seek to offer additional documents at trial and without prejudice to any other party;s objection to such additional offer.

IX. **VOIR DIRE, VERDICT FORMS AND REQUESTS TO CHARGE**

Also filed herewith are the parties' submissions of proposed *voir dire* questions, verdict forms, and requests to charge. Pursuant to Fed. R. Civ. P. 51, the parties reserve the right to amend, supplement, or withdraw any request to charge as required by the evidence presented or issues raised at trial.

X. **MOTIONS IN LIMINE**

The parties are filing their respective motions *in limine* and supporting memoranda of law, where appropriate, separately with the Court today.

XI. **TRIAL MEMORANDA OF LAW**

The parties are filing their respective trial memoranda of law separately with the Court today.

XII. **REVIEW OF EXHIBITS**

The parties will meet and confer to determine a time by which each party intending to use an exhibit for demonstrative purposes will provide that exhibit to every other party.

XIII. **NOTICE OF WITNESSES**

At least 24 hours before a party is to call at witness at trial, that party will notify every other party of that witness's identity.

Dated: New York, New York
April 30, 2013

SO ORDERED:

_____
HON. PAUL G. GARDEPHE, U.S.D.J.

5