```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
                                           :
NOVEL COMMODITIES S.A.,                    :
                                           :          No. 11-cv-6339 (PGG)
                    Plaintiff,             :
                                           :          ECF CASE
           - v -                           :
                                           :
QBE INSURANCE CORPORATION,                 :
                                           :
                    Defendant.             :
------------------------------------------ X
```

## PROPOSED VERDICT SHEETS[1]

---

[1] The parties have not agreed to a joint proposed verdict sheet. Accordingly, Plaintiff Novel Commodities S.A.'s Proposed Verdict Sheet is attached hereto as Exhibit A, and Defendant QBE Insurance Corporation's Proposed Verdict Sheet is attached hereto as Exhibit B. The parties address their disagreement concerning their proposed verdict sheets in their respective trial memoranda of law, which are filed separately with the Court today.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X
:
NOVEL COMMODITIES S.A., :
: No. 11-cv-6339 (PGG)
Plaintiff, :
: ECF CASE
:
- v - :
:
QBE INSURANCE CORPORATION, :
:
Defendant. :
:
------------------------------------------- X

**PLAINTIFF NOVEL COMMODITIES S.A.'S PROPOSED VERDICT SHEET**

Members of the Jury:

    Please follow the instructions below and answer the questions. Your decision on all questions must be unanimous; that is, you must agree on the answer to a question.

    These questions ask you to determine if Defendant QBE Insurance Corporation ("QBE") was required to indemnify Plaintiff Novel Commodities S.A. ("Novel") under Trade Credit Insurance Policy No. DC/8800281/AE (the "Policy"), for 21 unpaid invoices.

    The parties agree that Novel issued these invoices between April 19, 2010 and August 12, 2010, at a time when its customer, CIA Arrocera Covadonga, owed Novel more than $15,000,000.

    I have previously determined that the relevant provisions of the Policy are ambiguous with respect to the 21 unpaid invoices that were issued when Covadonga owed Novel more than $15,000,000 for other invoices.

    1.    [To be presented only if the Court determines that Novel must establish "coverage"]

Has Novel proven, by a preponderance of the evidence, that the parties intended on October 16, 2009 that the Policy cover Novel for all losses, up to the amount of $15,000,000, (less the uninsured percentage, and less the deductible) relating to any and all of Covadonga's unpaid invoices (or part of any invoices) for sales made during the Policy, <u>unless</u> excluded by other provisions of the Policy?

Yes _____      No_____

*If your answer is "Yes," please go to Question 4.*

2. Did you determine, by a preponderance of the evidence, and without reference to any exclusionary language in the Policy, that the parties intended on October 16, 2009, that the Policy would <u>never</u> cover the value of any unpaid invoice (or part of any invoice) for any sale made to Covadonga, if at the time of that sale, Covagonda already owed Novel $15,000,000 or more for other invoices, regardless of the amount Covadonga owed at the time of its default?

   Yes _____      No_____

   *If your answer is "Yes," I instruct you to enter return a verdict for the defendant.*

3. Were you unable to determine, by a preponderance of the evidence, whether the parties intended on October 16, 2009 that the Policy would <u>never</u> cover the value of any unpaid invoice (or part of any invoice) for sales to Covadonga, if that sale was made at a time made when Covagonda already owed Novel  $15,000,000 or more for other invoices?

   Yes _____      No_____

   *If your answer is "Yes," please go to Question 4.*

2

4. Has QBE proven, by a preponderance of the evidence, that the Policy, in clear and unmistakable language, forever excludes from coverage the value of any invoice (or part of any invoice) issued when the Covadonga's outstanding debt to Novel exceeded $15,000,000?

   Yes _____        No_____

   *If your answer is "No," I direct you to return a verdict for Novel. If your answer is "Yes," please go to Question 5.*

5. Has QBE proven by a preponderance of the evidence that there is no other reasonable interpretation of the Policy?

   Yes _____        No_____

   *If your answer is "No," I direct you to return a verdict for Novel.*

### **VERDICT**

_____ We find for the plaintiff, Novel Commodities, SA. (you need not concern yourself with the amount of judgment. That will be determined by the Court)

_____ We find for the defendant, QBE Insurance Company.

When you have completed this form, please have your foreperson sign it.

_____
Jury Foreperson

Dated: April 30, 2013

    SULLIVAN & WORCESTER LLP

    By: /s/_____
    Michael T. Sullivan
    Andrew T. Solomon
    Karen E. Abravanel
    1633 Broadway, 32nd Floor
    New York, New York 10104
    Telephone: (212) 660-3000
    Facsimile: (212) 660-3001

    *Attorneys for Plaintiff*
    *Novel Commodities S.A.*

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X
:
NOVEL COMMODITIES S.A.,                     :
                                            :   No. 11-cv-6339 (PGG)
                  Plaintiff,                :
                                            :        ECF CASE
      - v -                                 :
                                            :
QBE INSURANCE CORPORATION,                  :
                                            :
                  Defendant.                :
------------------------------------------- X

**DEFENDANT QBE INSURANCE CORPORATION'S PROPOSED VERDICT SHEET**

Members of the Jury:

Please follow the instructions below and answer the question. Your decision on the question must be unanimous; that is, you must agree on the answer to the question.

The question below asks you to determine if Plaintiff Novel Commodities S.A. ("Novel") has proven that its claim for 21 unpaid invoices was covered under Trade Credit Insurance Policy No. DC/8800281/AE (the "Policy") issued by Defendant QBE Insurance Corporation ("QBE"). The parties agree that Novel issued these invoices between April 19, 2010 and August 12, 2010, at a time when its customer, CIA Arrocera Covadonga, owed Novel more than $15,000,000. The question you must answer is:

1. Has Novel proven, by a preponderance of the evidence, that the parties intended on October 16, 2009 that the Policy cover Novel for invoices issued at a time when its customer, Covadonga, owed Novel more than $15 million?

    Yes _____         No_____

*If your answer is "Yes," I instruct you to return a verdict for Novel. If your answer is "No", I instruct you to return a verdict for QBE.*

## **VERDICT**

_____ We find for the plaintiff, Novel Commodities, SA. (You need not concern yourself with the amount of judgment. That will be determined by the Court.)

_____ We find for the defendant, QBE Insurance Company.

When you have completed this form, please have your foreperson sign it.

_____
Jury Foreperson

Dated: April 30, 2013

CLYDE & CO US LLP

By: /s/_____
Michael A. Knoerzer
Stephen M. Kennedy
Victoria L. Melcher
The Chrysler Building
405 Lexington Avenue
16th Floor
New York, New York 10174
Telephone: (212) 710-3900
Facsimile: (212) 710-3950

*Attorneys for Defendant*
*QBE Insurance Corporation*

2