UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X
                                              :

NOVEL COMMODITIES S.A.,           :

                                              :         No. 11-cv-6339 (PGG)

             Plaintiff,                :

                                              :             ECF CASE

      - v -                             :

                                              :

QBE INSURANCE CORPORATION,    :

             Defendant.              :
------------------------------------------- X

# NOVEL'S OPPOSITION TO QBE'S MOTION TO EXCLUDE EVIDENCE OF CLAIMS-HANDLING PROCEDURES OR BAD FAITH-TYPE EVIDENCE

SULLIVAN & WORCESTER LLP
Michael T. Sullivan
Andrew T. Solomon
Karen E. Abravanel
1633 Broadway, 32nd Floor
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001

*Attorneys for Plaintiff*
*Novel Commodities S.A.*

Plaintiff Novel Commodities S.A. ("Novel") respectfully submits this memorandum of law in opposition to Defendant QBE Insurance Corporation's ("QBE") Motion to Exclude Evidence of Claims Handling Procedures or Bad Faith-Type Evidence (dkt. no. 50) (the "Motion").

## ARGUMENT

By the Motion, QBE seeks to exclude "all evidence and testimony related to the claims handling procedures or other 'bad faith-type' evidence concerning the claim at issue." *See* QBE's Br. (dkt. no. 51) at 2. The Motion is befuddling. As QBE admits, Novel has made no allegation that QBE acted in bad faith in handling the claim at issue in this litigation (the "Claim"). Novel therefore submits that the Motion is unwarranted and, accordingly, no response is required.

In an abundance of caution, however, Novel opposes the Motion to the extent it seeks to exclude evidence of QBE's response to the Claim, and the particular manner and method by which QBE determined to deny most of the Claim (including QBE's submission of the claim to a loss adjuster). Such evidence is probative of the parties' understanding of the relevant provisions of the Policy, as well as the parties' understanding of their respective obligations under the Policy.[1]

---

[1] None of the cases cited by QBE in support of the Motion concern the exclusion of underlying facts regarding an insurer's response to the claim at issue in the litigation. *See Hartford Ins. Co. of the Midwest v. Cleveland Public Library*, No. 1:99 CV 1701, 2004 WL 5627184 at *4 (N.D. Ohio 2004) (excluding evidence of insurer's alleged non-compliance with state insurance regulations and noting that plaintiff "suffers no prejudice in not being permitted to present this evidence as it will still be able to present evidence of the underlying facts regarding Hartford's handling of its claim"); *Royal Bahamanian Ass'n, Inc. v. QBE Ins. Corp.*, 745 F. Supp. 2d 1380, 1383 (S.D. Fla. 2010) (excluding evidence of insurer's general claims handling procedures, including opinions of bad faith expert regarding such procedures); *Mendez v. Unitrin Direct Prop. & Cas. Ins. Co.*, 622 F. Supp. 2d 1233, 1239 (M.D. Fla. 2007) (court should have excluded evidence of claims handling procedures employed by a different insurer regarding a similar claim, which "enabled the jury to compare the way Hartford and Defendant handled the claims . . . and find that Defendant acted in bad faith because it handled the claim differently"); *Tolliver v. Liberty Mut. Ins. Co.*, No. C2:06-cv-904, 2010 WL 4053549, at *1 (S.D. Ohio 2010) (excluding evidence of insurer's claims handling practices because claims remaining for trial arose solely out of insurer's conduct in prior litigation).

It is unclear what evidence QBE seeks to exclude.  QBE states that the Motion is not addressed to "evidence concerning the fact that [QBE] determined that part of Novel's claim was covered and that QBE paid Novel the amount of $1,160,927.59, which QBE submits is its entire obligation under the Policy."  QBE's Br. at 5.  Indeed, QBE has indicated that it will introduce such evidence as part of its case in chief, by presenting the testimony of Randall West, the QBE claims handler responsible for responding to the Claim.  To the extent that QBE seeks to limit Novel's evidence to the mere fact that QBE denied most of the Claim and paid part, or seeks to preclude evidence calling into question the process on which QBE relied and the consequences of such reliance, the Motion is unwarranted and should be denied.

## **CONCLUSION**

For the foregoing reasons, the Motion should be denied.

Dated: New York, New York
       May 14, 2013

Respectfully submitted,

SULLIVAN & WORCESTER LLP

By: /s/ Michael T. Sullivan
    Michael T. Sullivan
    Andrew T. Solomon
    Karen E. Abravanel
1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001
msullivan@sandw.com
asolomon@sandw.com
kabravanel@sandw.com

*Attorneys for Plaintiff*
*Novel Commodities S.A.*

2