

Docket+File



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-19-13



# CLYDE&CO
US LLP

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: 212 710 3900
Facsimile: 212 710 3950
www.clydeco.us
Michael.Knoerzer@clydeco.us

May 18, 2013

**BY FACSIMILE AND ELECTRONIC MAIL**

Hon. Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re: **Novel Commodities S.A. v. QBE Insurance Corporation**
         (Index No. 11-CV-6339)(PGG)

Dear Judge Gardephe:

    We are counsel to Defendant QBE Insurance Corporation ("QBE") in the above-referenced action. We write in response to the Court's order of May 17, 2013 directing the parties to submit further authorities concerning the issue of which party bears the burden of proof in this case. Specifically, the Court has asked the parties to provide additional case law relevant to whether the Endorsed Credit Limit ("ECL") in the policy in issue (the "QBE Policy") should be interpreted to constitute a term of coverage or an exclusion.

    After a diligent search, QBE has determined that the cases cited by the Court during yesterday's pretrial conference, *Planet Ins. Co. v. Bright Bay Classic Vehicles, Inc.*, 553 N.E.2d 562 (N.Y. 1990); *NGM Ins. Co. v. Blakely Pumping, Inc.*, 593 F.3d 150 (2d Cir. 2010); and *Atlantic Cas. Ins. Co. v. Value Waterproofing, Inc.*, No. 11 Civ. 7565 (DLC), 2013 WL 152854 (S.D.N.Y. Jan. 15, 2013), are the leading authorities as respects the standard to be applied under New York law in determining whether policy language constitutes a demarcation of coverage or an exclusion.

    As your Honor expressed yesterday, these authorities establish a test to determine whether a clause shall be deemed an exclusion: courts "should consider whether the claimed loss 'was initially covered by the policy and only became uncovered upon the happening of a subsequent event' or whether it was never covered in the first place." *Atlantic Cas. Ins. Co.*, 2013 WL 152854 at *10 (quoting *NGM Ins. Co.*, 593 F.3d at 154).

    Applying this test to the facts of the case, it is clear that the ECL is not an exclusion. Instead, the term helps define the coverage granted under the QBE Policy. As noted in QBE's prior submissions to the Court, the "Insuring Clause" of the QBE Policy covers "Insured Debt," which is defined in part as follows:

Clyde & Co US LLP is a Delaware limited liability partnership with offices in New York, San Francisco and New Jersey.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales that practices from branch and affiliate* offices in: Abu Dhabi, Bangalore*, Belgrade*, Caracas, Dar es Salaam, Doha, Dubai, Guildford, Hong Kong, London, Moscow, Mumbai*, Nantes, Paris, Piraeus, Rio de Janeiro, Riyadh*, Shanghai, Singapore and St. Petersburg*



> Insured Debt means the invoice value of such goods sold and Dispatched or Services Provided by you arising out of the trade specified in the Declaration that:
>
> a. is owed to you by the Buyer; and
>
> b. does not exceed the Endorsed Credit Limit for the Buyer . . . .

QBE's Trial Memorandum of Law (Dkt. No. 47) at 6.

Both QBE and Novel agree that any invoice issued at a time when Novel's credit extended to Covadonga exceeded the $15 million ECL is not, at least initially, covered under the Policy. *See, e.g.*, QBE's Memorandum of In Support of Motion Summary Judgment (Dkt. No. 27) at 16; Novel's Memorandum of Law in Opposition to QBE's Motion for Summary Judgment ("Novel's Opposition Memorandum") (Dkt. No. 30) at 10 n.3. Instead, it is Novel's position that such non-covered invoices "became covered" later, if Covadonga paid down its debt:

> Novel's understanding is reflected in the underscored text: "further transactions" booked when Covadonga owed more than $15,000,000 were not forever more excluded from Policy coverage, but instead became covered the moment Covadonga "paid down" its aggregate debt to less than $15,000,000.

Novel's Opposition Memorandum (Dkt. No. 30) at 10 n. 3; *see also id.* at 9 ("Of course, Novel understood that it was 'at risk' if it lost more than the $15,000,000 credit limit. But [Novel did not understand] that the Policy would *forever exclude* coverage of any sales made at any time Covadonga owed Novel more than $15,000,000" (italics in original)).

Thus, this is not an instance where a policy provision transforms an otherwise covered loss into a non-covered loss, but the exact opposite. The loss is admittedly not covered in the first instance and might only become covered (according to Novel) upon the "happening of a subsequent event," *i.e.*, later payments by Covadonga that reduce the amount it owes to below the $15 million ECL. Under the test established by the aforementioned authorities, therefore, the ECL cannot be deemed an exclusion.

That the ECL represents a term of coverage and not an exclusion is further established by the stipulated fact that premium for the QBE Policy was set based on a percentage of the ECL. *See* Stipulated Facts (Dkt. No. 54-1) at 4, ¶ 20. This fact was considered significant by the Court in *Atlantic Casualty Insurance Co.* 2013 WL 152854 at *10 (finding premium set by coverage granted under policy). The more premium paid by Novel, the more coverage it received under the ECL. *See* Stipulated Facts (Dkt. No. 54-1) at 4, ¶ 20 (noting ECL increased from $10 million to $15 million for an additional $62,500 in premium). This pricing mechanism is consistent with a grant of coverage and not an exclusion.



Hon. Paul G. Gardephe
May 18, 2013
Page 3

     Accordingly, QBE respectfully submits that, based on the facts of this case, the ECL cannot be found to operate as an exclusion under New York law and instead should be interpreted, like any other limit in a policy, to merely delineate the scope or amount of coverage granted by the insurer.

Respectfully submitted,

Michael A. Knoetzer

cc:    Andrew T. Solomon, Esq. (via e-mail)
       Karen E. Abravanel, Esq. (via e-mail)