UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                           :

NOVEL COMMODITIES S.A.,                :

                                   :          No. 11-cv-6339 (PGG)

                Plaintiff,        :

                                   :             ECF CASE

       - v -                    :

                                   :

QBE INSURANCE CORPORATION,    :

                                   :

              Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# NOVEL'S MEMORANDUM OF LAW IN OPPOSITION TO QBE'S MOTION TO STAY EXECUTION OF JUDGMENT

SULLIVAN & WORCESTER LLP
Michael T. Sullivan
Karen E. Abravanel
1633 Broadway, 32nd Floor
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001

*Attorneys for Plaintiff*
*Novel Commodities S.A.*

Plaintiff Novel Commodities S.A. ("Novel") opposes the effort of Defendant QBE Insurance Corporation ("QBE") to stay enforcement of this Court's judgment without posting any security.  QBE has offered no compelling reason for its extraordinary request, which should be denied.

## PRELIMINARY STATEMENT

Following a jury trial, on May 30, 2013, the Court entered a judgment in Novel's favor in the amount of $11,651,523.18 (dkt. no. 72) (the "Judgment").  QBE has since served opening papers in support of a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50; Novel's opposition to this motion is due to be filed on July 15, 2013.  Novel respectfully submits that QBE's Rule 50 motion is devoid of merit.  But that is a question for another day.

In the present motion, QBE asks for extraordinary and unwarranted relief:  it seeks to stay enforcement of the Judgment, while at the same time it seeks to avoid posting a bond or other form of security.  QBE offers no good reason for this Court to enter an unsecured stay.  Indeed, QBE's motion implodes on itself:  asserting that it is flush with cash, QBE necessarily demonstrates that it can easily afford to post a bond sufficient to secure payment of the Judgment.

## ARGUMENT

Fed. R. Civ. P. 62(b) permits a court to enter a discretionary stay pending disposition of a post-trial motion under Rule 50, but only "[o]n appropriate terms for the opposing party's security."  Applying this Rule, the Supreme Court has held that "[t]he district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor."  *Peacock v. Thomas*, 516 U.S. 349, 359 n. 8 (1996).  In other words, "[i]f a stay is granted, adequate provisions shall be made for the security of the adverse party."  *River Oaks Marine, Inc. v. Town of Grand Island,* No. 89-CV-

1016S, 1992 WL 406813,at *1 (W.D.N.Y. Dec. 10, 1992).  As such, "[a]n unsecured stay is disfavored under 62(b)." *In re Apollo Group Inc. Secs. Litig.*, No. CV 04-2147-PHX-JAT, 2008 WL 410625, at *1 (D. Ariz. Feb. 13, 2008); *see also Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (D.S.C. 1984) ("Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for a new trial."); *Slip N' Slide Records, Inc. v. TVT Records, LLC*, No. 05-21113-CIV-TORRES, 2007 WL 1098751, at *2 (S.D. Fla. Apr. 8, 2007) ("Clearly, the Court has discretion to stay execution of a Judgment under the Rule pending disposition of a party's post-trial motions.  The Court has found, however, very little authority for entering such a stay without some security being posted.").

Courts ordinarily require a party seeking a stay under Rule 62(b) "to post a bond sufficient to protect the prevailing party's interest in the judgment." *Lawyers Title Ins. Corp. v. Singer*, No. 3:07cv804, 2011 WL 1827268, at *1 (D. Conn. Mar. 7, 2011).  The bond serves three purposes: (i) it protects the plaintiff against the possibility that the defendant will not be able to satisfy the judgment after the post-trial motions are determined; (ii) it allows the plaintiff to collect appropriate interest while the motions are being determined; and (iii) it protects the defendant from having to get the judgment back from the plaintiff if the verdict is reversed.  *See, e.g., Morgan Guar. Trust Co. v. Republic of Palau*, 702 F. Supp. 60, 65 (S.D.N.Y. 1988).  The court has broad discretion to set the precise terms on which a stay may be granted under Rule 62(b), but a bond in some amount is normally required.  *See, e.g., McGrath v. Murgolo*, No. CV87-0639 (RJD), 1988 WL 8658, at *1 (E.D.N.Y. Jan. 25, 1988) ("The few courts that have interpreted this rule have generally concluded that some security need be posted."); *Singer*, 2011 WL 1827268, at *1 (citing cases).

QBE, however, demands special treatment:  it seeks to obtain a stay without posting *any* security, based solely on the assertion that it has "over $802 million in surplus" and is thus "readily able to satisfy the judgment amount."  *See* QBE's Br. at 3 n.1.  This assertion misses the point.  As this Court has held, "a party seeking an unsecured stay pursuant to Rule 62(b) bears the burden of demonstrating that it is impossible or impractical for the movant to post security." *Frankel v. ICD Holdings S.A.*, 168 F.R.D. 19, 22 (S.D.N.Y. 1996).  QBE fails to address this burden.  To the contrary, QBE's argument proves the opposite: if QBE in fact has over $802 million "in surplus" today, then QBE can readily afford to post a bond, without causing any financial hardship.

Further, the applicable case law establishes that QBE must show "that in the absence of standard security, the judgment creditor will be properly secured against the risk that the judgment debtor will be less able to satisfy the judgment after the disposition of the post-trial motions."  *Singer*, 2011 WL 1827268, at *1; *see also Lewis v. United Joint Venture*, No. 1:07-CV-639, 2009 WL 1654600, at *1 (W.D. Mich. June 10, 2009) ("the party seeking an unsecured stay bears the burden of showing why a bond should not be required under Rule 62(b)") (emphasis added).  QBE fails in this burden, too.  In this post-credit crisis environment, it is patently unreasonable: (i) to require any judgment creditor to rely on a judgment debtor's naked assurance that it can and will swiftly pay; (ii) to require Novel to test or verify QBE's financial condition; or (iii) to assume that QBE's purported financial condition today will be its same financial condition when the Rule 50 motion is determined.  Indeed, in the face of its claim of hundreds of millions of surplus cash, QBE's refusal to post a bond merely raises further concerns.  *Cf. River Oaks*, 1992 WL 406813, at *2 (granting stay pursuant to Rule 62(b) without requiring a bond or other security where the prevailing party "had expressed no fear that its interest in ultimate recovery would be endangered by a stay"); *In Re Apollo Group,* 2008 WL

4

410625, at *1 (requiring bond in the amount of $95 million even though defendant had shown

that its assets represented approximately 600 percent of the amount of the judgment).

Significantly, QBE does not cite a single case in which a stay was granted under Rule

62(b) without the requirement of some security.  Instead, QBE only cites two cases espousing the

general proposition that the court has "'broad discretion' to determine the appropriate terms of

security." *See* QBE's Br. at 3 n. 1.  In each of these cases, however, the court required the

moving party to post a bond or other adequate security equivalent to the full amount of the

judgment.  *See Cont'l Cas. Co. v. First Fin. Emp. Leasing, Inc.*, No. 8:08-CV-2372-T-27GW,

2010 WL 5421337, at *2 (M.D. Fla. Dec. 27, 2010) (ordering moving party to "post a bond

sufficient to secure payment of the net amount of the June 21, 2010 judgment plus post judgment

interest"); *Lewis*, 2009 WL 1654600, at *2 (ordering moving party "to post a bond or other

security in the amount of $786,109.28—that total corresponding to the net value of the

judgment").[1]

## CONCLUSION

For the foregoing reasons, if the Court is inclined to grant the requested stay, it should

also require QBE to post adequate security to protect Novel's interest in the Judgment.  In this

District, the standard security necessary to stay execution of a judgment is a supersedeas bond in

the full amount of the judgment.  *See, e.g., Frankel*, 168 F.R.D. at 22 (setting bond at 110% of

amount of judgment).  Novel submits that it would be appropriate to require QBE to post such a

bond here.

---

[1] QBE also makes a parenthetical citation to *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003).  That case did not arise under Rule 62(b) but rather under Rule 62(d), which concerns appeals from a district court.

Dated: New York, New York          Respectfully submitted,
      July 8, 2013

                            SULLIVAN & WORCESTER LLP

                            By: /s/ Michael T. Sullivan
                                  Michael T. Sullivan
                                  Karen E. Abravanel
                            1633 Broadway
                            New York, New York 10019
                            Telephone: (212) 660-3000
                            Facsimile: (212) 660-3001
                            msullivan@sandw.com
                            kabravanel@sandw.com

                            *Attorneys for Plaintiff*
                            *Novel Commodities S.A.*