UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOVEL COMMODITIES S.A.,                        :
                                               :
                Plaintiff,     :   No. 11-cv-6339 (PGG)
                                               :   ECF CASE
      v.                               :
                                               :
QBE INSURANCE CORPORATION,                     :
                                               :
                Defendant.     :
------------------------------------------------------------X


**DEFENDANT QBE INSURANCE CORPORATION'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
<u>MOTION TO STAY EXECUTION OF JUDGMENT</u>**


CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

*Attorneys for Defendant
QBE Insurance Corporation*

QBE Insurance Corporation ("QBE") respectfully submits this reply memorandum of law in further support of its motion pursuant to Rule 62(b) of the Federal Rules of Civil Procedure to stay execution of judgment pending the disposition of its motion for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure ("QBE's Motion to Stay").  Novel has not disputed that a stay is appropriate – instead, it merely argues that a bond in the amount of 110% of the judgment should be required with respect to that stay.  For the reasons that follow, the Court should grant QBE's Motion to Stay without requiring security, as security would be wholly unnecessary to protect Novel's interests.

## ARGUMENT

Contrary to Novel's suggestion in its Memorandum of Law in Opposition to QBE's Motion to Stay ("Novel's Opposition Memo") that a bond is required to secure a stay, it is firmly established that courts "may forego the bond requirement under certain circumstances, such as, for example, 'where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money.'"  *Lewis v. United Joint Venture*, 1:07-CV-639, 2009 WL 1654600, at *1 (W.D. Mich. June 10, 2009) (quoting *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003)).  While Novel attempts to criticize QBE for not citing any cases in its opening brief in which a stay was granted under 62(b) without security (Novel's Opposition Memo at 5), many such cases exist.  *See, e.g.*, *McKenna v. Philadelphia*, Civil Action Nos. 98-5835, 99-1163, 2010 WL 2891591, at *19-20 (E.D. Pa. Jul. 20, 2010) (finding prior decision to deny plaintiff's request for a bond to effectuate stay was proper under Fed. R. Civ. P. 62(b)); *River Oaks Marine, Inc. v. Grand Island*, 89-CV-1016S, 1992 WL 406813, at *1-2 (W.D.N.Y. Dec. 10, 1992) (granting defendants' motion to stay under Rule 62(b) without requiring a bond or other security); *Silver v. Mendel*, Civ. A. No. 86-7104, 1992 WL 163285, at *2 (E.D. Pa. Jul. 8,

1992) (denying plaintiff's motion to require defendants to post bond and noting that "[i]t is within the discretion of the court whether it is necessary for a defendant to post bond or alternate security").

In the closely analogous context of Rule 62(d), courts have routinely found that a bond is unnecessary where an unsecured stay would not "unduly endanger" the plaintiff's ultimate interest in recovering its judgment.[1]  *See Fed. Prescription Serv., Inc. v. Am. Pharma. Ass'n*, 636 F.2d 755, 760-61 (D.C. Cir. 1980); *see also Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986) (noting that "an inflexible requirement of a bond would be inappropriate. . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money").

In fact, where (as here) there is a "vast disparity" between the amount of the judgment and the defendant's annual revenue, courts regularly grant unsecured stays. *See Arban*, 345 F.3d at 409; *see also Northern Indiana Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986) (finding that a bond was unnecessary where the judgment debtor was not in financial jeopardy and its assets easily covered the cost of the judgment); *Fed. Prescription Serv.*, 636 F.2d at 761 (affirming the district court's grant of a stay on appeal without requiring a supersedeas bond because the "documented net worth of the judgment debtor was $4.8 million, about 47 times the amount of the damage award" and there was no indication that the judgment

---

[1] Courts addressing the security required under Rule 62(b) often look to cases interpreting the analogous requirements of Rule 62(d).  *See e.g.*, *Hudson v. AIH Receivable Mgmt. Servs.*, 10-CV-2287-JAR, 2012 WL 2149664, at *1 (D. Kan. June 13, 2012) (addressing Fed. R. Civ. P. 62(b) but citing cases interpreting the requirements of Fed. R. Civ. P. 62(d)); *Lewis*, 1:07-CV-639, 2009 WL 1654600, at *1 (same); *In re Apollo Group Inc. Securities Litigation*, Nos. CV 04-2204-PHX-JAT, CV 04-2334-PHX-JAT, 2008 WL 410625, at *1 (D. Ariz. Feb. 13, 2008) (same).

debtor had any intent to leave the District of Columbia). QBE's financials aptly demonstrate that QBE is more than capable of satisfying the judgment in this case.

Novel's argument that "in this post-credit crisis environment" it is unreasonable to require it to rely on QBE's "naked assurance" that it can pay or that Novel will have to test or verify QBE's financial condition rings hollow. (Novel's Opposition Memo at 4). As a large, highly-regulated insurance company, QBE is required to file sworn annual statements with state departments of insurance. Novel need not conduct tests nor rely on a "naked assurance" that QBE can pay – Novel can readily and easily review QBE's publicly-available annual statements to see that QBE is financially sound. Although Novel hollowly expresses concern about QBE's financial condition, it has articulated no tangible basis for doing so, and has provided no evidentiary support for its "concern." This is because it is easy to determine that there simply is no basis for concern.

Further, given that Rule 50 motions are often resolved quickly, Novel's purported concern that QBE's financial condition will drastically change in the short period of time before QBE's Rule 50 Motion is resolved is baseless. *See Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 215 (D.S.C. 1984) (noting that "a stay pending disposition of a motion for judgment n.o.v. and/or a new trial will generally be resolved in far less time than the lengthy process of briefing, argument and disposition which an appeal entails" and that, as a result, the risk of an adverse change in the status quo is less).

In addition to being wholly unnecessary in light of QBE's current financial standing, Novel's demand that QBE post security in order to obtain a stay is problematic in view of Judge Pauley's garnishment order in the *Polish Steamship* action. This order raises concerns as to who

would be the proper beneficiary or beneficiaries of any bond or other security, thus further mitigating in favor of an unsecured stay.

In light of QBE's $802 million in surplus, the limited nature of the post-trial motion at issue, and the excessive additional cost to QBE if a bond were required in this case, the Court should find that QBE has demonstrated that it would be entirely unnecessary to require a bond under the present facts.

## CONCLUSION

For the foregoing reasons, QBE's Motion for a Stay of Execution of Judgment should be granted in all respects.

Dated: July 15, 2013

CLYDE & CO US LLP

By: \_\_\_/s/_____
Michael A. Knoerzer
Stephen M. Kennedy
Victoria L. Melcher
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
(212) 710-3900

*Attorneys for Defendant*
*QBE Insurance Corporation*

4