UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOVEL COMMODITIES S.A., :
:
                 Plaintiff, : No. 11-cv-6339 (PGG)
: ECF CASE
v. :
:
QBE INSURANCE CORPORATION, :
:
                 Defendant. :
------------------------------------------------------------X

# DEFENDANT QBE INSURANCE CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY EXECUTION OF JUDGMENT

CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

*Attorneys for Defendant*
*QBE Insurance Corporation*

QBE Insurance Corporation ("QBE") respectfully submits this memorandum of law in support of its motion pursuant to Rule 62(b) of the Federal Rules of Civil Procedure to stay execution of judgment pending the disposition of its motion for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. For the reasons that follow, QBE's motion should be granted in all respects.

## FACTS

This motion relates to a litigation between Plaintiff Novel Commodities S.A. ("Novel") and Defendant QBE relating to the interpretation of a trade credit insurance policy (the "Policy") that was issued by QBE to Novel and, in particular, the interpretation of the Endorsed Credit Limit (the "ECL") provisions of the Policy. The matter was tried before a jury from May 20, 2013 through May 23, 2013. On May 23, the jury returned a verdict in favor of Novel, and on May 30, the Court entered a judgment in favor of Novel in the amount of $11,651,523.18, plus costs to be taxed by the Clerk.

Before the case was submitted to the jury, QBE made an oral motion for a judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure (the "Rule 50 Motion"), on the basis that Novel did not offer a fair and reasonable interpretation of when the ECL is applied under the Policy. (Trial Tr. at 401:20-407:19). Novel declined to respond, asking instead for an opportunity to do so later. *Id.* at 407:21-24. The Court reserved decision on the Rule 50 Motion. *Id.* at 408:1. After the jury returned its verdict, the Court set a briefing schedule for QBE's Rule 50 Motion. (Dkt. No. 70).

Execution of the judgment was stayed automatically until June 13, 2013 pursuant to Rule 62(a) of the Federal Rules of Civil Procedure. As the parties have tried but failed to reach an agreement with respect to a stay, pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, QBE now respectfully asks the Court to issue an order staying execution of the judgment until the Court renders a decision on QBE's Rule 50 Motion.

## ARGUMENT

### A. The Federal Rules of Civil Procedure Provide for a Stay of Execution Pending the Disposition of QBE's Rule 50 Motion

Rule 62(b)(1) provides that a court may order a stay of execution of a judgment pending the disposition of a party's motion for judgment as a matter of law:

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of any of the following motions:
>
> (1) under Rule 50, for judgment as a matter of law....[1]

Fed. R. Civ. P. 62(b)(1).

In deciding whether to issue a stay under Rule 62(b)(1), courts consider various factors including: (1) whether the applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;

---

[1] Rule 62(b) grants the Court "broad discretion" to determine the appropriate terms of security upon which the stay should be granted. *Cont'l Cas. Co. v. First Fin. Emp. Leasing, Inc.*, 8:08-CV-2372-T-27GW, 2010 U.S. Dist. LEXIS 138356, at *3 (M.D. Fla. Dec. 23, 2010). A court may waive the requirement of a bond where, as here, "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Lewis v. United Joint Venture*, 1:07-CV-639, 2009 U.S. Dist. LEXIS 48616, at *2 (W.D. Mich. June 10, 2009) (quoting *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003)). With over $802 million in surplus (*i.e.*, funds to be freely used by QBE) (Ex. A to the Declaration of Stephen M. Kennedy ("Kennedy Declaration") submitted in support of this motion, at 3), QBE is readily able to satisfy the judgment amount should its Rule 50 Motion be denied.

3

(3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) whether public interest favors or disfavors granting a stay. *Banco Central de Paraguay v. Paraguay Humanitarian Found., Inc.*, 01 Civ. 9649 (JFK), 2006 U.S. Dist. LEXIS 2280, at *2 (S.D.N.Y. Jan. 19, 2006). As discussed below, application of these factors to this case favors granting QBE's motion for a stay.

### 1. QBE Has Made a Strong Showing that It Is Likely to Succeed on the Merits

There is a strong likelihood that QBE will prevail under its Rule 50 Motion because Novel failed to proffer a reasonable interpretation as to when the ECL applies under the Policy. As noted by QBE in its oral application to the Court under Rule 50, Novel had taken the position that the ECL is applied at the time of loss under the Policy. (Trial Tr. at 252:4-7; Trial Ex. 33). This position, however, renders the ECL meaningless because, as Novel's witness Frank Gouverne admitted, the ECL would never be considered at the time of a loss; instead, the only limit that matters is the "Policy Amount" which determines the amount of covered loss and the Policy Amount is always less than the ECL. *See* Trial Tr. at 170:7-15.

Because Novel's position would render the ECL nugatory, it should be rejected under New York law which states as a "cardinal rule of construction that a court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect." *Corhill Corp. v. S.D. Plants, Inc.*, 9 N.Y.2d 595, 599 (N.Y. 1961) (internal quotation marks omitted); *Reyes v. Metromedia Software, Inc.*, 840 F. Supp. 2d 752, 756 (S.D.N.Y. 2012).

### 2. QBE Will Be Irreparably Harmed Absent a Stay

Novel is in dire financial straits and an order of attachment and garnishment for more than $11,500,000 has been issued against it and in favor of Polish Steamship Company by Judge Pauley of this Court in *Polish Steamship Company v. Novel Commodities S.A.* (the "Polish Steamship Garnishment Order"). (Trial Tr. at 237:22-238:8; Trial Ex. DD; Kennedy Declaration Ex. B).

Under the Polish Steamship Garnishment Order, QBE is barred from paying Novel the judgment amount and, therefore, it will have to pay the judgment into the Court. *See* Rule B(3)(a) of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Any amount paid by QBE into the Court might be found payable and released to Polish Steamship by reason of the Polish Steamship Garnishment Order. If this were to happen and QBE were later to prevail on its Rule 50 Motion, QBE's ability to reclaim funds from Polish Steamship – a company domiciled in Poland – would be in substantial doubt. Likewise, if the judgment amount were paid to Novel, QBE would never be able to recover the money in light of Novel's financial distress. Under these circumstances, there clearly exists a substantial likelihood that QBE will be irreparably harmed if no stay is granted in this case.

### 3. A Stay Will Not Harm Novel or Other Interested Parties

A stay pending the Court's decision of QBE's Rule 50 Motion will not substantially injure Novel because QBE is prohibited from paying Novel the judgment amount at this point in time by reason of the garnishment order issued by this Court in the Polish Steamship Matter. Similarly, a relatively brief stay pending QBE's Rule 50 Motion would not be a hardship for any other entity interested in the judgment because

the parties in this case must seek guidance from the Court in the Polish Steamship Matter as to where the judgment amount is to be paid. All of Novel's creditors will also need time to establish whether and to what extent they have any rights to the judgment amount. As a practical matter, therefore, a stay will not cause Novel or any of its creditors "substantial injury" here.

### 4. There Is No Public Interest in Denying the Stay

There is no public interest or policy here that bars the Court from granting a stay in this matter.

### CONCLUSION

For the foregoing reasons, QBE respectfully requests that the Court grant its Rule 62(b) Motion to stay execution of judgment. The Court should also grant such other and further relief as may be just and proper.

Dated: June 21, 2013

CLYDE & CO US LLP

By: ___/s/ Stephen M. Kennedy___
Michael A. Knoerzer
Stephen M. Kennedy
Victoria L. Melcher
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
(212) 710-3900

*Attorneys for Defendant
QBE Insurance Corporation*

## CERTIFICATE OF SERVICE

On this date true and correct copies of (a) QBE's Notice of Motion; (b) QBE's Memorandum of Law in Support of Its Motion to Stay Execution of Judgment; and (c) Declaration of Stephen M. Kennedy dated June 21, 2013, were served upon the following counsel for Novel by electronic mail:

    Michael Sullivan, Esq.
    Karen Abravanel, Esq.
    Sullivan & Worcester LLP
    1633 Broadway, 32nd Floor
    New York, NY 10019

    _____
    Kristen B. Conway

Sworn to before me this
21st day of June, 2013

_____
Notary Public

Maria Orecchio
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02OR6119773
Qualified in Westchester County
Commission Expires March 12, 2017