

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

November 5, 2013

<u>By ECF and Facsimile</u>

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    <u>Novel Commodities S.A. v. QBE Insurance Corporation, 11 Civ. 6339</u>

Dear Judge Gardephe:

We represent the Plaintiff, Novel Commodities S.A. ("Novel"), in the referenced action. We write in response to a letter and proposed order sent to Your Honor this afternoon by Defendant QBE Insurance Corporation ("QBE"), which requests leave to make payment into court of the judgment entered in this action on May 30, 2013, in the amount of $11,651,523.18 (the "Judgment").

QBE bases its request on two marine attachment orders issued against QBE: (1) an order issued in the Southern District of New York in *Polish Steamship Company v. Novel Commodities S.A.*, No. 13-cv-2435 (WHP), in the amount of $11,507.624.15 (the "SDNY Attachment"); and (2) an order issued in the Middle District of Pennsylvania in *Wind Shipping Company S.A. v. Novel Commodities S.A. and QBE Insurance Corporation*, No. 13-cv-1890, in the amount of $418,532.56 (the "MDPA Attachment").

Novel opposes QBE's request for the following reasons:

    1.    First, as alluded to in QBE's letter, the instant application may soon prove unnecessary. I am informed of ongoing discussions in connection with the *Polish Steamship* case that are likely to lead quickly to the termination of the SDNY Attachment. While that attachment involves the vast majority of the judgment amount, I am further advised that similar discussions are being pursued respecting the *Wind Shipping* action and the MDPA Attachment in particular.

        If, as expected, these other proceedings swiftly settle, the need to burden this Court further will be obviated. For this reason, we urge the Court either to deny QBE's letter request without prejudice, or to delay consideration of the request for at least 48 hours.

The Honorable Paul G. Gardephe
Page 2
November 5, 2013

2.  The MDPA Attachment is invalid. While the MDPA Attachment broadly purports to attach "tangible and intangible property in the hands of" QBE, the complaint filed by Plaintiff Wind Shipping specifically and exclusively identified the Judgment as the property it sought to attach. *See* Verified Complaint in Admiralty with Clause of Foreign Attachment at paragraph 15 (attached hereto as Exhibit A). But the Judgment is located exclusively within the Southern District of New York, beyond the reach of the Middle District of Pennsylvania, because "locality is given [to judgments] by the situs of the court where they are entered, and not of the abode of the debtor." *JP Morgan Chase Bank, N.A. v. Motorola, Inc.*, 47 A.D.3d 293, 313 n. 15 (1st Dep't 2007) (quoting *Beers v. Shannon*, 73 N.Y. 292, 299 (1878)); *see also Smith v. President and Directors of Union Bank of Georgetown*, 30 U.S. 518, 525 (1831) ("And so of judgments, locality is given them by the situs of the court where they are entered.").

    Because the Judgment is not located in the Middle District of Pennsylvania, it is not subject to attachment in that District. That is because in order to sustain a maritime attachment under Admiralty Rule B, a plaintiff must show, among other things, that "the defendant's property may be found within the district." *Blue Whale Corp. v. Grand China Shipping Dev. Co., Ltd.*, 722 F.3d 488, 493 (2d Cir. 2013); *see also Yayasan Sabah Dua Shipping SDN BHD v. Scandinavian Liquid Carriers Ltd.*, 335 F. Supp. 2d 441, 447 (S.D.N.Y. 2004) ("A Rule B attachment reaches only property located within the district in which the suit is brought.").

    Thus, the MDPA Attachment is ineffective.[1]

3.  The restraint imposed by Novel's restraining notice is expressly limited to the amount of the Judgment. The restraining notice imposes no restraint on any funds or property in excess of that amount. QBE's counsel has separately confirmed that QBE is withholding the full amount of the Judgment, separate from its other accounts. Whether the funds remain with QBE's bank or in the Court's registry will not affect QBE's burden as judgment debtor. Accordingly, QBE's assertion of an "immediacy of issues" presented by the restraining notice is without foundation.[2]

---

[1] It is worth noting that Wind Shipping previously – and unsuccessfully – sought a maritime attachment order against Novel in this Court. *See Wind Shipping Co., S.A. v. Novel Commodities S.A.*, No. 13-cv-03588 (LGS), memo endorsement entered May 29, 2013 (dkt. no. 2). This Court denied Wind Shipping's application because Novel, authorized to do business in the State of New York, was deemed present in this District.

[2] In any event, any and all claims to the Judgment proceeds remain subordinate to the attorney's lien imposed by Sullivan & Worcester LLP, pursuant to New York Judiciary Law § 475.

We thank the Court for its time and consideration.


Respectfully submitted,

/s/

Michael T. Sullivan

Direct line: 212-660-3024
msullivan@sandw.com

cc: Michael A. Knoerzer (via e-mail)
    Stephen M. Kennedy (via e-mail)
    Victoria L. Melcher (via e-mail)

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WIND SHIPPING COMPANY S.A., <br><br> Plaintiff, <br><br> vs. <br><br> NOVEL COMMODITIES S.A., <br><br> Defendant <br><br> and <br><br> QBE INSURANCE CORP., <br><br> Garnishee | No. 13-cv-_____ |

**VERIFIED COMPLAINT IN ADMIRALTY**
**WITH CLAUSE OF FOREIGN ATTACHMENT**

Plaintiff WIND SHIPPING COMPANY S.A. (hereinafter "Wind Shipping"), by its attorneys, as and for its Verified Complaint against Defendant NOVEL COMMODITIES S.A. (hereinafter "Novel"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims relating to the breach of a maritime contract for the charter of an oceangoing cargo vessel and sums due in respect to the performance of that contract. As such, this case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

2. At all times material hereto, Plaintiff Wind Shipping was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a business

#406305

address in care of Venus Enterprises S.A. 15, I. Rally Str., 166 63 Voula, Greece, and was the owner of the M/V SEA WIND, an oceangoing vessel.

3. At all times material hereto, Defendant Novel was and still is a foreign business entity duly organized and existing under the laws of Switzerland with an office and place of business at 4-6 Avenue Industrielle, 1227 Carouge, Switzerland, and was the charterer of the M/V SEA WIND.

4. Defendant Novel has no office, business presence, or agent(s) in the Middle District of Pennsylvania.

5. Pursuant to a charter party dated August 1, 2012, Plaintiff Wind Shipping chartered the M/V SEA WIND to Defendant Novel for a single voyage for the carriage of a full and complete cargo of sugar from 1 SP/SB Santos/Paranague range to 1 SB/SA Tema, Abidjan or Dakar Pico. A copy of the charter contract, including the fixture recap and incorporated pro-forma, is annexed hereto as Ex. 1.

6. The contract was duly performed, the cargo loaded and eventually discharged.

7. Subsequent to the conclusion of the voyage, there was a balance of freight, demurrage, detention, etc., of $278,470.26 owed by Defendant Novel to Wind Shipping, as reflected in its final freight statement which was transmitted to Novel shortly after the completion of the performance of the charter contract. (*See* Ex. 2).

8. Novel has acknowledged that, at a minimum, there is a balance due and owing of $208,293.22, but it has challenged the difference of approximately $70,000, which will be the subject of arbitration in London pursuant to the charter contract terms. (*See* Ex. 3, Novel's final freight statement acknowledging 75% of the claim.)

#406305

9. Despite acknowledgment of approximately 75% of the claim, Defendant Novel has made no payment whatsoever despite due and repeated demands by Wind Shipping.

10. The charter party contract provides for resolution of disputes between the parties in London arbitration pursuant to English law, and this action is brought to secure jurisdiction over Novel to ensure that it arbitrates the dispute and to obtain security in connection with the claims in view of Novel's refusal to pay even the admitted portion of the balance due.

11. Wind Shipping has a valid basis under English law for recovery of the full balance of $278,470.26 and will pursue Novel in arbitration in London for that sum, together with recovery of interest, costs and attorneys' fees which are recoverable in London arbitration as an element of the claim.

12. Wind Shipping estimates, as nearly as can be calculated, that interest, calculated for the period the case will run, will be $24,750, and costs and attorneys' fees to be incurred in the London arbitration (inclusive of arbitrators' fees) will be $115,000.

13. Upon information and belief and after investigation, Wind Shipping submits that Novel cannot be "found" within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims, Federal Rules of Civil Procedure ("Supplemental Admiralty Rule B") but is informed and believes that property belonging or owed to Novel is present in the hands of at least one garnishee in this district.

14. Specifically, Novel commenced a civil action in the U.S. District Court for the Southern District of New York against QBE Insurance Corporation (SDNY Docket 11-cv-6339) and has obtained in that action a judgment in its favor and against QBE Insurance Corporation in the amount of $11,651,523.18 (consisting of $9,804,810.72. in principal, $1,826,636.25 in pre-verdict interest, and $20,076.21 in verdict-to-judgment interest), plus costs. (*See* Ex. 4.)

#406305

15. The judgment rendered by the Southern District of New York constitutes a debt that is owed by QBE Insurance Corporation to Novel and that can be attached by means of process of maritime attachment served on QBE Insurance Corporation as garnishee.

16. QBE Insurance Corporation is a Pennsylvania corporation with a registered office in this district c/o CT Corporation System, Dauphin County, Pennsylvania. (*See* Ex. 5.)

**WHEREFORE**, Plaintiff prays:

(a) That process in due form of law according to the practice of this Court issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged; and,

(b) That Process of attachment and garnishment be issued and served pursuant to Supplemental Admiralty Rules B(1) and E against the named Garnishee QBE Insurance Corporation to attach all goods, chattels, debts, credits, freights, property, monies, funds and/or other effects, tangible or intangible, within the custody, possession or control of the Garnishee belonging to, owed to, claimed by or being held for or on behalf of Defendant Novel to secure the Plaintiff's claims against Defendant up to the amount of $418,532.56 and citing said Garnishee to appear and answer under oath the matters aforesaid as required by Supplemental Admiralty Rule B(3)(a); and,

(c) That since Defendant Novel cannot be found within this District within the meaning of Supplemental Admiralty Rule B, that the Clerk be directed to issue supplemental Process of Maritime Attachment and Garnishment to attach any and all additional goods, chattels, debts, credits, freights, property, monies, funds and/or other effects, tangible or intangible, belonging to, owed to, claimed by or being held for or on behalf of Defendant which may be found within the jurisdiction of this Court to secure Plaintiff's claims up to the amount of

#406305

$418,532.56 and that all persons claiming any interest in said property be cited to appear, and pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint; and,

(d)   That this Honorable Court retain jurisdiction over the matter while the arbitration between the parties proceeds in London for purposes of any subsequent enforcement action as may be necessary; and

(e)   That the Court grant Plaintiff such other, further and different relief as may be just and proper in the premises.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Dated: July 10, 2013      By: /s/ Richard Q. Whelan
_____
Richard Q. Whelan
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106
(215) 625-9900
(215) 625-0185 (fax)
rwhelan@pbh.com

Of counsel:

Frank P. DeGiulio
Daniel H. Wooster
PALMER BIEZUP & HENDERSON, LLP
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106
(215) 625-9900
(215) 625-0185 (fax)
fpd@pbh.com

Peter J. Gutowski
FREEHILL HOGAN & MAHAR LLP
80 Pine Street, 24th Floor
New York, NY 10005
(212) 425-1900
(212) 425-1901 (fax)
gutowski@freehill.com

## ATTORNEY VERIFICATION

RICHARD Q. WHELAN declares as follows:

1. I am a partner with the law firm of Palmer Biezup & Henderson LLP, attorneys for Plaintiff in this action.

2. I have read the foregoing Verified Complaint and state that its contents are true and correct to the best of my knowledge, information, and belief.

3. The sources of my information and the grounds for my belief are communications, information, and documentation provided by the Plaintiff and its attorneys.

4. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

I declare under penalty of perjury that the foregoing is true and correct

Executed on July 10, 2013.

/s/ Richard Q. Whelan
_____
Richard Q. Whelan

#406305