

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

Direct Line: 212-660-3024
msullivan@sandw.com

November 14, 2013

By Facsimile: (212) 805-7986

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-131

Re:   Novel Commodities S.A. v. QBE Insurance Corporation, 11 Civ. 6339

Dear Judge Gardephe:

We represent Novel Commodities S.A. ("Novel"), the plaintiff and judgment creditor in this referenced action. We write in advance of tomorrow's conference with the Court, scheduled for 3:00 pm.

Last night QBE introduced an issue which, if unresolved, threatens to derail a global settlement previously reached by Novel and the plaintiffs in the actions in which maritime attachment orders had issued, *Polish Steamship Company v. Novel Commodities S.A.*, No. 13-cv-2435 (WHP) (S.D.N.Y.), and *Wind Shipping Company S.A. v. Novel Commodities S.A. and QBE Insurance Corporation, as garnishee*, No. 13-cv-1890 (M.D.PA.).[1]

At 8 p.m. on Wednesday, November 13, 2013, QBE's counsel announced that they would require the involvement and agreement of a stranger to all of these proceedings, Access Global Capital LLC ("Access"). QBE has adhered to that position today. We submit that QBE's position is baseless.

QBE relies on a letter from Access's counsel, Richard Yeskoo, dated April 11, 2013. In that letter, trial exhibit DD, Mr. Yeskoo asserts:

---

[1] The agreement also provides for the payment of this firm's legal fees.

The Honorable Paul G. Gardephe
November 14, 2013
Page 2

    Please be advised that Access is entitled to certain proceeds of such policy, specifically including the premium, which it advanced. Access demands that all proceeds of the policy, including whether paid by settlement or final judgment, be paid to it as the insured.

A copy of Exhibit DD is attached.

    In response, QBE did nothing except announce its intention to use the letter as a trial exhibit. QBE made no attempt to join Access as a party; and it made no attempt to amend it pleadings or otherwise assert the absence of a necessary or indispensable party.

    At trial, Access's principal, James Besch, testified and explained his lawyer's letter, Exhibit DD. Mr. Besch explained that pursuant to an agreement with Covadonga, the entity whose debt QBE insured, Covadonga had promised to repay Access for the insurance policy premium that Access had allegedly paid. Trial transcript 234:19—236:10.

    Whatever the value of Access's alleged agreement with Covadonga, it is undeniable that it provides Access with no claim to the policy or to the judgment entered in this action. It is not surprising, therefore, that Access took no steps to pursue a claim against QBE or against Novel. Indeed, Access never sought to intervene in the case.[2]

    In a telephone conversation today, QBE's counsel announced its intention to seek Access's consent to the previously agreed disbursement of the judgment proceeds. Shortly thereafter, Mr. Yeskoo reasserted Access's claim, now specifying damages "in excess of $900,000." A copy of Mr. Yeskoo's letter is attached.

    Access's inchoate claim provides QBE with no justification for its refusal to satisfy the judgment or the maritime attachments as agreed by the plaintiffs to those proceedings.

    Accordingly, we request that the Court direct QBE to pay the proceeds of the judgment as directed by Novel, Polish Steamship and Wind Shipping. We

---

[2] The policy itself recites that Access acts "for the account of Novel." See Policy Declaration, item 1, Trial Exhibit 8, relevant pages of which are enclosed.

The Honorable Paul G. Gardephe
November 14, 2013
Page 3

understand that counsel for Polish Steamship and Wind Shipping will be in attendance tomorrow to confirm their clients' views.

Respectfully submitted,

Michael Y. Sullivan

Enc.

cc:  Mr. Kennedy and Ms. Melcher via ECF
    Mr. Yeskoo (by email, w/enc.)
       Counsel for Access Global Capital LLC

  Mr. Lennon w/enc. (by email, w/enc.)
      Counsel for Novel Commodities S.A. in *Polish Steamship Company v. Novel Commodities S.A.*, No. 13-cv-2435 (WHP) (S.D.N.Y.)

  Mr. Floyd and Mr. Van Praag (by email, w/enc.)
      Counsel for plaintiffs in *Polish Steamship Company v. Novel Commodities S.A.*, No. 13-cv-2435 (WHP) (S.D.N.Y.)

  Mr. Gutowski (by email, w/enc.)
      Counsel for plaintiff in *Wind Shipping Company S.A. v. Novel Commodities S.A. and QBE Insurance Corporation, as garnishee,*

# TRIAL EXHIBIT DD

## YESKOO HOGAN & TAMLYN, LLP
A NEW YORK LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
139 SOUTH STREET
NEW PROVIDENCE, NEW JERSEY 07974
TEL: (908) 464-6300
FAX: (908) 464-2828

RICHARD C. YESKOO[1]
STEPHEN HOGAN[2]
THOMAS T. TAMLYN[2]

[1]MEMBER N.J. & N.Y. BAR
[2]MEMBER N.Y. BAR

NEW YORK OFFICE
909 THIRD AVENUE, 29TH FLOOR
NEW YORK, NY 10022
(212) 983-0900

April 11, 2013

<u>By Certified Mail, Return Receipt Requested</u>

Michael A. Knoerzer
Clyde & Co. US LLP
405 Lexington Avenue
New York, NY 10174

Re: <u>Access Global Capital, LLC/QBE Insurance</u>

Dear Mr. Knoerzer:

Our firm represents Access Global Capital, LLC ("Access"). Access is the insured of your client, QBE Insurance Corporation ("QBE"), under policy number DC/8800281/AE. We understand that this policy is currently subject to litigation in the United States District Court for the Southern District of New York in case number 1:11-cv-6339 (PGG).

Please be advised that Access is entitled to certain proceeds of such policy, specifically including the premium, which it advanced. Access demands that all proceeds of the policy, whether paid by settlement or final judgment, be paid to it as the insured.

Yours truly,

Richard C. Yeskoo

cc: Karen Abravanel


EXHIBIT DD

# TRIAL EXHIBIT 8 (EXCERPT)



# Notice to Policyholders
## U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC")

NO COVERAGE IS PROVIDED BY THIS POLICYHOLDER NOTICE NOR CAN IT BE CONSTRUED TO REPLACE ANY PROVISIONS OF YOUR POLICY. YOU SHOULD READ YOUR POLICY AND REVIEW YOUR DECLARATIONS PAGE FOR COMPLETE INFORMATION ON THE COVERAGES YOU ARE PROVIDED.

THIS NOTICE PROVIDES INFORMATION CONCERNING POSSIBLE IMPACT ON YOUR INSURANCE COVERAGE DUE TO DIRECTIVES ISSUED BY OFAC.

**PLEASE READ THIS NOTICE CAREFULLY**

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous:

- Foreign agents;
- Front organizations;
- Terrorists;
- Terrorist organizations; and
- Narcotics traffickers;

As "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's web site - http//www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance are immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.

Includes copyrighted material of Insurance Services Office, Inc., with its permission

QBGS-103 (07-04)

Page 1 of 1



# Trade Credit Insurance Policy

## Policy Declaration

## Specific Account

Attaching to and Forming Part of Policy Number    DC/8800281/AE

| Item 1. | Insurer | QBE Insurance Corporation<br>A Stock Company<br>88 Pine Street 16th Floor<br>New York, NY 10005<br><br>Home Office: c/o CT Corporation System<br>1515 Market Street, Suite 1210<br>Philadelphia, PA 19102 |
|---|---|---|
| Item 2. | Named Insured and Mailing Address | Access Global Capital LLC for the account of Novel Commodities S.A.<br>8 Old Clinton Road<br>Lebanon, NJ 08833 |
| Item 3. | Broker of Record | Aon Trade Credit<br>Dominion Tower<br>625 Liberty Avenue – 10th Floor<br>Pittsburgh, PA 15222 |
| Item 4. | Policy Period | October 01, 2009 to September 30, 2010<br>At 12:01 a.m. Standard Time<br>(At the Insured's Address Stated Above) |
| Item 5. | Buyer | CIA. Arrocera Covadonga<br>Av. Industria No 5<br>Colonia Santa Clara<br>55540 Ecatepec Estado de México<br>Mexico |
| Item 6. | Policy Currency | USD |
| Item 7. | Policy Amount | $9,000,000 |
| Item 8. | Premium | $300,000 |
| Item 9. | Endorsed Credit Limit | $10,000,000 |
| Item 10. | Deductible | $500,000 |

Trade Credit Insurance
QBTC DS 03 (02-08)

Page 1 of 2

QBE 006406



# Trade Credit Insurance Policy

## Policy Declaration

| Item 11. | Insured Percentage | 95% |
|---|---|---|
| Item 12. | Approved Country | Mexico |
| Item 13. | Maximum Terms of Payment (Standard) | 150 Days |
| Item 14. | Maximum Terms of Payment (Special) | 150 Days |
| Item 15. | Maximum Extension Period | 10 Days |
| Item 16. | Description of Trade | Rice, beans, and food products |
| Item 17. | Approved Claims Currency | USD |
| Item 18. | Endorsements attaching to Specific Account Policy Form QBTC-0003 (10-05) as follows: Approved Country Risk Schedule: Form QBTC-0300 (10-05) Endorsement 1: Form QBTC-0132 (10-05) Endorsement 2: Form QBTC-0215 (10-05) Endorsement 3: Form QBTC-0224 (10-05) Endorsement 4: Form QBTC-0303 (10-05) | |

In consideration of the Premium paid by you, and subject to all the terms and conditions of the Policy, we agree to provide you with the insurance stated in this Policy.

In witness whereof, we have caused this policy to be executed and attested by our authorized officers, but this policy shall not be valid unless also signed by a duly authorized representative of our company.

Peter T. Maloney – Secretary

Susan Rivera - President

Issued and accepted by QBE Insurance Corporation

Authorized Representative

October 16, 2009

# Yeskoo Letter of 11/14/13

# YESKOO HOGAN & TAMLYN, LLP
A NEW YORK LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
139 SOUTH STREET
NEW PROVIDENCE, NEW JERSEY 07974
TEL: (908) 464-8300
FAX: (908) 464-2828

RICHARD C. YESKOO[1]
STEPHEN HOGAN[2]
THOMAS T. TAMLYN[2]

[1]MEMBER N.J. & N.Y. BAR
[2]MEMBER N.Y. BAR

NEW YORK OFFICE
909 THIRD AVENUE, 28TH FLOOR
NEW YORK, NY 10022
(212) 983-0900

November 14, 2013

<u>By Mail and E-mail</u>

Stephen M. Kennedy
Clyde & Co. US LLP
405 Lexington Avenue
New York, NY 10174

Re: <u>Access Global Capital, LLC/QBE Insurance</u>

Dear Mr. Kennedy:

Our firm represents Access Global Capital, LLC ("Access"). Access is the insured of your client, QBE Insurance Corporation ("QBE"), under policy number DC/8800281/AE.

I had previously written on April 11, 2013 to your partner Michael A. Knoerzer to inform you that Access is entitled to certain proceeds of such policy. The amount that Access is entitled to now exceeds $900,000. We demand that if this matter is not resolved amicably that you interplead the policy premiums in the United States District Court for the Southern District of New York.

Yours truly,

Richard C. Yeskoo

cc: Michael Sullivan