

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: 212 710 3900
Facsimile: 212 710 3950
www.clydeco.us
Stephen.Kennedy@clydeco.us

November 18, 2013

**BY ECF AND FEDERAL EXPRESS**

Hon. Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York  10007

> Re:  Novel Commodities S.A. v. QBE Insurance Corporation
> (Index No. 11-CV-6339)

Dear Judge Gardephe:

    We represent Defendant QBE Insurance Corporation ("QBE") in the above-referenced action.  We write with respect to the stipulation (the "Stipulation") among Novel Commodities S.A. ("Novel"), Polish Steamship Company and Polsteam Shipping Company (collectively, "Polish Steamship"), Wind Shipping Company, S.A. ("Wind Shipping"), and Sullivan & Worcester LLP ("S&W") that was submitted to the Court's Orders and Judgments Clerk on November 15.  (A copy of the Stipulation is attached hereto as Exhibit A).  QBE has several concerns regarding the Stipulation.

    First, the Stipulation provides that Novel will receive approximately $3.9 million after deducting from the Judgment Amount: (1) various amounts paid to Polish Steamship, Wind Shipping, and S & W; and (2) $900,000 to be maintained by QBE subject to this Court's determination of QBE's request to initiate an interpleader action against Novel and Novel's agent, Access Global Capital, LLC ("Access Global").  While QBE consents to the payment of the stipulated amounts to Polish Steamship, Wind Shipping, and S&W (subject to certain comments below), the payment of $3.9 million to Novel cannot proceed because Access Global's claim for a portion of the Judgment Amount "now exceeds $900,000." (*See* Dkt. No. 104 at Ex. B).  If, therefore, payment of $3.9 million is made to Novel, there would not be sufficient funds to compensate Access Global should it prevail on its claim.

Clyde & Co US LLP is a Delaware limited liability partnership with offices in New York, San Francisco and New Jersey.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales that practices from branch
and affiliate* offices in:  Abu Dhabi, Bangalore*, Belgrade*, Caracas, Dar es Salaam, Doha, Dubai, Guildford, Hong Kong, London, Moscow,
Mumbai*, Nantes, Paris, Piraeus, Rio de Janeiro, Riyadh*, Shanghai, Singapore and St. Petersburg*



Honorable Paul G. Gardephe
November 18, 2013
Page 2

Second, as Your Honor knows from our November 5, 2013 letter to the Court, Novel served Restraining Notices upon QBE and its bank, J.P. Morgan Chase Bank, N.A. on October 30, 2013. (*See* Dkt. No. 95). The Stipulation, as drafted, makes no provision for Novel's withdrawal of those Restraining Notices on a with prejudice basis. QBE, therefore, respectfully requests that the Stipulation be modified to require Novel to withdraw the Restraining Notices with prejudice.

Third, as Your Honor also knows, Polish Steamship and Wind Shipping have served on QBE Process of Maritime Attachment and Garnishment Orders (the "Attachment Orders"). Under the terms of the Attachment Orders, QBE cannot make the payments called for in the Stipulation. (*See* Dkt. No. 97 and Exs. 1 and 2 thereto). In its current form, the Stipulation states only that Polish Steamship and Wind Shipping "stipulate and agree" that the payments to them by QBE "shall not constitute a violation" of the Attachment Orders and that they will "take any and all steps to effectuate dismissal of their respective attachment actions...." Only the courts that issued the Attachment Orders, however, would seem to have the authority to determine whether QBE's payments constitute a violation of those orders. Therefore, QBE requests that the Stipulation must be modified to provide that Polish Steamship and Wind Shipping shall secure the vacatur of the Attachment Orders before payments are made to them under the Stipulation.

Fourth, Paragraph 12 of the Stipulation provides that, upon Polish Steamship's, Wind Shipping's, and S&W's receipt of the "Agreed Payments" (as defined in the Stipulation), "QBE shall be discharged from further liabilities as respects the Agreed Payments." QBE respectfully requests that the Stipulation be amended so that it states that QBE is discharged from "further liability respecting the Agreed Payments, the Judgment, the Judgment Amount, the Polish Steamship Attachment Action, and the Wind Shipping Attachment Action." This amendment to the Stipulation is consistent with the draft stipulation circulated by Novel's counsel prior to the November 15, 2013 conference with Your Honor. (*See* Ex. 2).

Fifth, Polish Steamship has served Supplemental Process of Maritime Attachment and Garnishment against my firm, Clyde & Co US LLP ("Clyde & Co") (the "Clyde & Co Attachment Order). (*See* Ex. 3). We request that the Stipulation be amended so that Polish Steamship shall secure the vacatur of the Clyde & Co Attachment Order before payments are made to it under the Stipulation.



Honorable Paul G. Gardephe
November 18, 2013
Page 3

We thank Your Honor for your time and consideration.

Respectfully submitted,

Stephen M. Kennedy

cc: Michael T. Sullivan, Esq. (via ECF)
    Karen E. Abravanel, Esq. (via ECF)
    Edward Floyd, Esq. (via email)
    Peter J. Gutowski (via email)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
: 
NOVEL COMMODITIES S.A., :
: No. 11-cv-6339 (PGG)
Plaintiff, :
: ECF CASE
- v - :
: **STIPULATION AMONG PLAINTIFF**
QBE INSURANCE CORPORATION, : **AND CERTAIN GARNISHORS AND**
: **ORDER RESPECTING CERTAIN**
Defendant. : **PAYMENTS**
:
------------------------------------------X

**WHEREAS,** this Court entered a judgment in this action on May 30, 2013 in favor of Plaintiff Novel Commodities S.A. ("Novel") and against Defendant QBE Insurance Corporation ("QBE") (the "Judgment") in the amount of $11,651,523.18 (the "Judgment Amount"), no part of which has been paid and all of which remains unsatisfied;

**WHEREAS,** on or about October 29, 2013, Novel served QBE with a Restraining Notice with respect to the Judgment Amount, and QBE now holds an amount equivalent to the Judgment Amount plus post-judgment interest through November 8, 2013, pending further agreement with Novel or further order by this Court;

**WHEREAS,** on or about April 12, 2013, an Order of Attachment was issued pursuant to Supplemental Rule B in *Polish Steamship Company v. Novel Commodities S.A.*, 13-cv-2435 (WHP) (the "Polish Steamship Attachment Action"), and subsequently served on QBE, purporting to seize any funds, debts due to or property of Novel in the hands of QBE in the amount of $11,507,642.15; and

**WHEREAS,** on or after July 18, 2013, an Order of Attachment was issued pursuant to Supplemental Rule B in *Wind Shipping Company S.A. v. Novel Commodities S.A.*, 13-cv-1890 (YK) (the "Wind Shipping Attachment Action"), and subsequently served on QBE, purporting to

seize any funds, debts due to or property of Novel in the hands of QBE in the amount of $418,532.56; and

**WHEREAS,** by letter dated November 5, 2013, QBE indicated to the Court that it was not taking any appeal from the Judgment and intended and was prepared to pay the Judgment Amount in full, but sought leave to pay the Judgment Amount into the registry of the Court as the means by which to resolve its obligations both to Novel under the Judgment and to the attaching creditors in the above referenced attachment actions; and

**WHEREAS,** on November 15, 2013, the Court conducted a conference and ordered the parties to submit briefing with respect to a possible interpleader action concerning a claim of Access Global Capital LLC ("Access Global");

**NOW THEREFORE IT IS STIPULATED AND AGREED** as follows:

1. Polish Steamship Company and Polsteam Shipping Company (collectively, "PSC"), plaintiffs in the Polish Steamship Attachment Action and Wind Shipping Company S.A. ("Wind Shipping"), plaintiff in the Wind Shipping Attachment Action, hereby enter their appearances in this action for the purpose of this Stipulation and Order and to subject themselves to the jurisdiction of this Court for enforcement of their duties and obligations hereunder.

2. Novel, PSC, and Wind Shipping agree to resolve any and all claims they have to the Judgment Amount in exchange for QBE's distribution of the Judgment Amount as described below:

   a. **$6,000,000.00** to be paid to an account specified in writing by PSC (said funds to serve as security for the claims of PSC against Novel in a certain ongoing London litigation between those parties bearing action number 2013 Folio 411 (the "London Litigation"));

   b. **$796,606.72** to be paid to an account specified in writing by PSC (said funds to satisfy a certain London arbitration award dated July 10, 2013 in favor of PSC and against Novel (which award was

2

issued in a pending LMAA arbitration in London (the "London Arbitration"));

    c.    **$90,000.00** to be paid to an account specified in writing by PSC (said funds to satisfy any and all other of PSC's claims, including demurrage, by PSC against Novel which are currently pending in the London Arbitration and which arise from a charter party dated May 29, 2012); and

    d.    **$235,000**.00 to be paid to an account specified in writing by Wind Shipping (said funds to serve as full and final satisfaction of all claims arising under a certain charter party dated August 1, 2012 for the M/V SEA WIND);

3. **$626,882.47** shall be paid to an account specified in writing by Sullivan & Worcester LLP ("S&W") (said funds to serve as satisfaction of certain outstanding legal charges and a charging lien)

4. **$900,000.00** shall be maintained by QBE as garnishee, pending: (i) the Court's determination of the validity of a possible interpleader action regarding the claim asserted by Access Global; and (ii) the Court's entry of a final, non-appealable order directing the distribution of this amount.

5. **The remaining balance of the Judgment Amount** shall be paid to an account specified in writing by Novel.

6. Novel, PSC, Wind Shipping, and S&W shall provide QBE with appropriate wire transfer instructions for the payment of the amounts specified in Paragraphs 2(a), 2(b), 2(c), 2(d), 3, and 5 (the "Agreed Payments") within one business day following the Court's entry of this Stipulation and Order.

7. QBE's payment of the Agreed Payments shall be net of all reasonable bank charges actually incurred by QBE in connection with the wire transfers required hereunder.

8. QBE shall effect the payment of the Agreed Payments by wire transfer within one business day following the receipt of instructions from the parties or their counsel.

3

9. To the extent practicable, all wire transfers sent as payment of the Agreed Payments shall be effected simultaneously. QBE shall give prompt notice to the parties and their counsel of the completion of the wire transfers.

10. PSC and Wind Shipping stipulate and agree that payment of the Agreed Payments shall not constitute a violation of the orders of attachment issued in the Polish Steamship Attachment Action or the Wind Shipping Attachment Action.

11. PSC and Wind Shipping agree to take any and all steps to effectuate dismissal of their respective attachment actions, without costs, immediately upon payment and safe receipt of the Agreed Payments (with respect to PSC's pending attachment actions in the Southern District of New York, as well as a parallel proceeding in the District of New Jersey, said dismissals will be *with prejudice* as to PSC's claims for security but *without prejudice* as to PSC's underlying claims pending in the London Arbitration and in the London Litigation).

12. Upon completion of the wire transfers, QBE shall be discharged from further liability respecting the Agreed Payments.

13. This Stipulation may be executed by facsimile signature and in one or more counterparts, each of which when so executed and delivered shall be deemed to be an original, but all of which taken together form but one and the same instrument.

Dated: November 15, 2013

| | |
|---|---|
| Plaintiff/Judgment Creditor<br>NOVEL COMMODITIES S.A.<br><br>By: /s/ Michael T. Sullivan<br>Michael T. Sullivan<br><br>SULLIVAN & WORCESTER LLP<br>1633 Broadway, 32nd Floor<br>New York, NY 10019<br>(212) 660-3000 – phone<br>(212) 660-3001 – fax<br>msullivan@sandw.com | Interested Parties<br>POLISH STEAMSHIP COMPANY and<br>POLSTEAM SHIPPING COMPANY<br><br>By:_____<br>Edward Floyd<br><br>EATON & VAN WINKLE, LLP<br>3 Park Avenue<br>New York, NY 10016<br>(212) 779-9912 – phone<br>(212) 779-9928 – fax<br>efloyd@evw.com |
| Interested Party<br>WIND SHIPPING COMPANY, S.A.<br><br>By: _____<br>Peter J. Gutowski<br><br>FREEHILL, HOGAN & MAHAR, LLP<br>80 Pine Street, 24th Floor<br>New York, NY 10005<br>(212) 425-1900 – phone<br>(212) 425-1901 – fax<br>gutowski@freehill.com | Interested Party<br>SULLIVAN & WORCESTER LLP<br><br>By: /s/ Michael T. Sullivan<br>Michael T. Sullivan<br><br>1633 Broadway, 32nd Floor<br>New York, NY 10019<br>(212) 660-3000 – phone<br>(212) 660-3001 – fax<br>msullivan@sandw.com |

SO ORDERED this _____ day of November, 2013

_____
Hon. Paul G. Gardephe, USDJ

Dated: November 15, 2013

Plaintiff/Judgment Creditor
NOVEL COMMODITIES S.A.

By: _____
    Michael T. Sullivan

SULLIVAN & WORCESTER LLP
1633 Broadway, 32nd Floor
New York, NY 10019
(212) 660-3000 – phone
(212) 660-3001 – fax
msullivan@sandw.com

Interested Parties
POLISH STEAMSHIP COMPANY and
POLSTEAM SHIPPING COMPANY

By: _/s/ Edward Floyd_____
    Edward Floyd

EATON & VAN WINKLE, LLP
3 Park Avenue
New York, NY 10016
(212) 779-9912 – phone
(212) 779-9928 – fax
efloyd@evw.com

Interested Party
WIND SHIPPING COMPANY, S.A.

By: _____
    Peter J. Gutowski

FREEHILL, HOGAN & MAHAR, LLP
80 Pine Street, 24th Floor
New York, NY 10005
(212) 425-1900 – phone
(212) 425-1901 – fax
gutowski@freehill.com

Interested Party
SULLIVAN & WORCESTER LLP

By: _____
    Michael T. Sullivan

1633 Broadway, 32nd Floor
New York, NY 10019
(212) 660-3000 – phone
(212) 660-3001 – fax
msullivan@sandw.com


SO ORDERED this _____ day of November, 2013

_____
Hon. Paul G. Gardephe, USDJ

Dated: November 15, 2013

| | |
|---|---|
| Plaintiff/Judgment Creditor<br>NOVEL COMMODITIES S.A. | Interested Parties<br>POLISH STEAMSHIP COMPANY and<br>POLSTEAM SHIPPING COMPANY |
| By: _____<br>Michael T. Sullivan | By:_____<br>Edward Floyd |
| SULLIVAN & WORCESTER LLP<br>1633 Broadway, 32nd Floor<br>New York, NY 10019<br>(212) 660-3000 – phone<br>(212) 660-3001 – fax<br>msullivan@sandw.com | EATON & VAN WINKLE, LLP<br>3 Park Avenue<br>New York, NY 10016<br>(212) 779-9912 – phone<br>(212) 779-9928 – fax<br>efloyd@evw.com |
| Interested Party<br>WIND SHIPPING COMPANY, S.A.<br>By: *[signed]*<br>Peter J. Gutowski   /MTS/ | Interested Party<br>SULLIVAN & WORCESTER LLP<br>By:_____<br>Michael T. Sullivan |
| FREEHILL, HOGAN & MAHAR, LLP<br>80 Pine Street, 24th Floor<br>New York, NY 10005<br>(212) 425-1900 – phone<br>(212) 425-1901 – fax<br>gutowski@freehill.com | 1633 Broadway, 32nd Floor<br>New York, NY 10019<br>(212) 660-3000 – phone<br>(212) 660-3001 – fax<br>msullivan@sandw.com |

SO ORDERED this _____ day of November, 2013

_____
Hon. Paul G. Gardephe, USDJ

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
:
NOVEL COMMODITIES S.A.,                  :
                                          :      No. 11-cv-6339 (PGG)
            Plaintiff,                    :
                                          :      ECF CASE
      - v -                               :
                                          :      **STIPULATION AND ORDER**
QBE INSURANCE CORPORATION,                :      **FOR PAYMENT AND SATISFACTION**
                                          :      **OF JUDGMENT**
            Defendant.                    :
                                          :
------------------------------------------X

**WHEREAS,** this Court entered a judgment in this action on May 30, 2013 in favor of Plaintiff Novel Commodities S.A. ("Novel") and against Defendant QBE Insurance Corporation ("QBE") (the "Judgment") in the amount of $11,651,523.18 (the "Judgment Amount"), no part of which has been paid and all of which remains unsatisfied;

**WHEREAS,** on or about October 29, 2013, Novel served QBE with a Restraining Notice with respect to the Judgment Amount, the sum of which QBE now holds pursuant to further agreement with Novel or further order of this Court;

**WHEREAS,** on or about April 12, 2013, an Order of Attachment was issued pursuant to Supplemental Rule B in *Polish Steamship Company v. Novel Commodities S.A.*, 13-cv-2435 (WHP) (the "Polish Steamship Attachment Action"), and subsequently served on QBE, purporting to seize any funds, debts due to or property of Novel in the hands of QBE in the amount of $11,507,642.15 (the "Wind Shipping Amount"); and

**WHEREAS,** on or after July 18, 2013, an Order of Attachment was issued pursuant to Supplemental Rule B in *Wind Shipping Company S.A. v. Novel Commodities S.A.*, 13-cv-1890 (YK) (the "Wind Shipping Attachment Action"), and subsequently served on QBE, purporting to

seize any funds, debts due to or property of Novel in the hands of QBE in the amount of $418,532.56 (the "Wind Shipping Amount); and

**WHEREAS,** QBE, by letter dated November 5, 2013, indicated to the Court that it was not taking any appeal from the Judgment and intended and was prepared to pay the Judgment Amount in full, but sought leave to pay the Judgment Amount into the registry of the Court as the means by which to resolve its obligations both to Novel under the Judgment and to the attaching creditors in the above referenced attachment actions;

**NOW THEREFORE IT IS STIPULATED AND AGREED** as follows:

1. Polish Steamship Company and Polsteam Shipping Company (collectively, "PSC"), plaintiffs in the Polish Steamship Attachment Action and Wind Shipping Company S.A. ("Wind Shipping"), plaintiff in the Wind Shipping Attachment Action, hereby enter their appearances in this action for the purpose of this Stipulation and Order and to subject themselves to the jurisdiction of this Court for enforcement of their duties and obligations hereunder.

2. Novel, PSC, and Wind Shipping agree to resolve any and all claims they have to the Judgment Amount in exchange for QBE's payment of the amounts described below (the "Agreed Payments"):

   a. Six million U.S. Dollars ($6,000,000.00) as directed in writing by PSC (said funds to serve as security for the claims of the Plaintiffs in the Polish Steamship Attachment Action against Novel in a certain ongoing London litigation between those parties);

   b. Seven hundred ninety-six thousand six hundred and six U.S. Dollars and seventy-two cents (U.S. $796,606.72) as directed in writing by PSC (said funds to satisfy a certain London arbitration award dated July 10, 2013 in favor of the Plaintiffs in the Polish Steamship Attachment Action and against Novel);

    c.    Ninety thousand U.S. Dollars ($90,000.00) as directed in writing PSC (said funds to be in full and final satisfaction of all claims, including demurrage, by Plaintiffs in the Polish Steamship Attachment Action against Novel pending in a certain London arbitration under a charter party dated March 29, 2012);

    d.    Two hundred thirty-five U.S. Dollars ($235,000.00) as directed in writing by Wind Shipping (which payment will serve as full and final satisfaction of all claims arising under a certain charter party dated August 1, 2012 for the M/V SEA WIND);

    e.    Six hundred twenty-six thousand eight hundred eighty-two U.S. Dollars and forty-seven cents ($626,882.47) to Sullivan & Worcester LLP (said funds in satisfaction of certain outstanding legal charges and a charging lien); and

    f.    The balance of all remaining funds shall be paid to Novel, as directed in writing by Sullivan & Worcester LLP.

3. Novel, PSC, and Wind Shipping shall provide QBE with appropriate wire transfer instructions for the Agreed Payments within one business day following the Court's entry of this Stipulation and Order.

4. All payment of the Agreed Payments shall be net of all reasonable bank charges actually incurred by QBE in connection with the wire transfers required hereunder.

5. QBE shall effect the payment of the Agreed Payments by wire transfer within one business day following the receipt of instructions from counsel.

6. To the extent practicable, all wire transfers shall be effected simultaneously. QBE shall give prompt notice to counsel of the completion of the wire transfers.

7. PSC and Wind Shipping stipulate and agree that payments of the Agreed Payments shall not constitute a violation of the orders of attachment issued in the Polish Steamship Attachment Action or the Wind Shipping Attachment Action.

8. PSC and Wind Shipping agree to take any and all steps to effectuate dismissal of their respective attachment actions, with prejudice, and without costs, immediately upon payment and receipt of the Agreed Payments; provided, however, that the dismissal of the Polish Steamship Attachment Action shall be without prejudice to the further prosecution of the London arbitration referenced above where those claims will proceed on the merits;

9. Upon completion of the wire transfers, QBE shall be discharged from further liability respecting the Judgment, the Judgment Amount, the Polish Steamship Attachment, or the Wind Shipping Attachment Action.

Dated: November ___, 2013

Interested Party
POLISH STEAMSHIP COMPANY
POLSTEAM SHIPPING COMPANY

Plaintiff
NOVEL COMMODITIES S.A.

By:_____
Edward Floyd

EATON & VAN WINKLE, LLP
3 Park Avenue
New York, NY 10016
(212) 779-9912 – phone
(212) 779-9928 – fax
efloyd@evw.com

By: _____
Michael T. Sullivan

SULLIVAN & WORCESTER LLP
1633 Broadway
32nd Floor
New York, NY 10019
(212) 660-3000 – phone
(212) 660-3001 – fax
msullivan@sandw.com

Interested Party,
WIND SHIPPING COMPANY, S.A.


By: _____
      Peter J. Gutowski

FREEHILL, HOGAN & MAHAR, LLP
80 Pine Street, 24th Floor
New York, NY 10005
(212) 425-1900 – phone
(212) 425-1901 – fax
gutowski@freehill.com


Interested Party,
SULLIVAN & WORCESTER LLP


By:_____
      Michael T. Sullivan

1633 Broadway, 32nd Floor
New York, NY 10019
(212) 660-3000 – phone
(212) 660-3001 – fax
msullivan@sandw.com


So Ordered:

_____

5

# EXHIBIT 3

Case 1:11-cv-06339-PGG   Document 107   Filed 11/18/13   Page 18 of 20

## SUPPLEMENTAL PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

### THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the United States Marshal for the Southern District of New York: GREETINGS

**WHEREAS**, a verified complaint has been filed in the United States District Court for the Southern District of New York on April 11, 2013, styled as follows:

POLISH STEAMSHIP COMPANY, and
POLSTEAM SHIPPING COMPANY,

    Plaintiffs,

— against —

NOVEL COMMODITIES S.A.,

    Defendant.

Civil Action No.:
13-cv-2435 (WHP)(AJP)

in a certain action for breach of maritime contracts therein alleged to be due and owing the Plaintiff the sum of $11,507,642.15 and praying that Process of Maritime Attachment and Garnishment be issued against the Defendant, and

**WHEREAS**, this process is issued pursuant to such prayer and requires that a garnishee shall serve his answer, together with answers to any interrogatories served with the complaint, within 21 days after service of process upon the garnishee and requires that Defendant shall serve their answers within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

**NOW, THEREFORE**, we do hereby command you that if the Defendant cannot be found within the District you attach goods and chattels to the amount sued for, and if such property cannot be found that you attach credits and effects to the amount sued for, in the hands of the following:

CLYDE & CO, US LLP, The Chrysler Building, 405 Lexington Avenue, New York, New York 10174;
JP MORGAN CHASE BANK, N.A., Court Orders and Levies Department, 11 West 51st Street, New York, New York 10019;
SULLIVAN & WORCESTER LLP, 1633 Broadway, New York, New York 10019;
LENNON MURPHY CAULFIELD & PHILLIPS, LLC, Graybar Building, 420 Lexington Avenue, Suite 300, New York, New York 10170.

{00014090.DOCX;1} -1-

to wit: all tangible and intangible property belonging to or being held for the Defendant, or in which the Defendant has any property interest whatsoever, including but not limited to vessels and their appurtenances, shares of stock or other financial instruments, bank accounts, proceeds from all types of financial instruments (including but not limited to swaps and other derivatives), any type of collateral, credits, bills of lading, letters of credit, effects, debts and monies (including any funds or other property held in any type of escrow or in reserve), insurance proceeds and claims (whether or not disputed), freights, sub-freights, charter hire, sub-charter hire, demurrage and dispatch monies, documents of title, materials, cargo or fuel of any type, judgments or awards or claims, any type of financial obligations, and any other funds or property of any kind, and that you promptly after execution of this process, file the same in this Court with your proof of service.

**WITNESS**, the Honorable *William H. Pauley*, United States District Judge, this 5th day of November 2013.

RUBY J. KRAJICK

Clerk

Deputy Clerk

Alan Van Praag, Esq.
Edward W. Floyd, Esq.
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016
(212) 779-9910
Attorneys for Plaintiffs

*NOTE: This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.*