

Direct Line:  212 660 3024
msullivan@sandw.com

November 19, 2013

**BY ECF AND FACSIMILE**

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

   Re: Novel Commodities S.A. v. QBE Insurance Corporation, 11 Civ. 6339 (PGG)

Dear Judge Gardephe:

  We represent the judgment creditor, Novel Commodities S.A. ("Novel").  We write in response to correspondence from judgment debtor QBE Insurance Corporation ("QBE"), submitted yesterday afternoon (Docket No. 107).  QBE's "concerns" about the Stipulation and Proposed Order (the "Proposed Order") submitted on Friday are meritless.  We address each below.

  QBE's first concern:  the Proposed Order leaves "only" $900,000 undistributed.  In response to QBE's 11th hour concern respecting a letter from a lawyer representing Access Global Capital LLC ("Access"), the Proposed Order provides for a holdback of $900,000. QBE argues that $900,000 is inadequate because Access's lawyer's letter refers to an amount that "now exceeds $900,000."[1]

  Putting aside the nature of Access's assertion,[2] it remains that the only actual number advanced is $900,000. "Not exceeds" is meaningless verbiage.   In contrast, adopting QBE's rationale would prohibit enforcement of any part of the judgment, all of which would be encompassed by the infinite amount that "now exceeds" $900,000.

---

[1] Trial Exhibit DD, a letter from Access's lawyer dated April 11, 2013 and addressed to QBE's trial counsel, is Access's initial claim of entitlement to "certain proceeds of such policy, specifically including the premium, which it advanced."  That letter does not refer to a specific amount.  On November 14, 2013, after a conversation initiated by QBE's counsel, Access's lawyer sent a second letter, this time stating that "[t]he amount that Access is entitled to now exceeds $900,000."

[2] Whether Access's claim provides an adequate basis for QBE to defer its obligations as judgment creditor is subject to a parallel application of QBE, Novel's response to which will be filed on or before tomorrow, Wednesday, November 20, 2013, pursuant to earlier order of the Court.

BOSTON   LONDON   NEW YORK   WASHINGTON, DC

The Honorable Paul G. Gardephe
Page 2
November 19, 2013

      QBE's second concern:  A withdrawn restraining notice.  QBE refers to a restraining notice that Novel served on J.P. Morgan Chase Bank, as a garnishee.  As QBE acknowledges, Novel immediately withdrew that restraining notice upon QBE's request and against QBE's representation that QBE would hold the Judgment Amount pending further order of the Court. That Novel withdrew the notice "without prejudice" does not create an issue:  there is no outstanding restraining notice against any entity (other than QBE); and upon QBE's payment of the Judgment Amount (or any part thereof), QBE will be entitled to a full (or partial) satisfaction of judgment.

      QBE's third concern:  the maritime attachment orders.  The plaintiffs in the parallel maritime attachment actions are parties to the Proposed Order.  At paragraph 1 thereof, they "hereby enter their appearances in this action for the purpose of this Stipulation and Order and to subject themselves to the jurisdiction of the Court for enforcement of their duties and obligations hereunder."  At paragraph 11 thereof, they agree "to take any and all steps to effectuate dismissal of their respective attachment actions, without costs, immediately upon payment and safe receipt of the Agreed Payments...."  QBE, thus, is fully protected.

      QBE's fourth concern:  the scope of exculpatory language.  Grammatically, the protection afforded QBE under the Proposed Order is without limit:  it provides that "Upon completion of the wire transfers, QBE shall be discharged from further liability respecting the Agreed Payments."   Further, as noted above, upon such payments, QBE shall be entitled to a partial satisfaction of judgment; and, as noted above, the plaintiffs in the parallel maritime attachment action who are also parties to the Proposed Order, are required immediately thereafter to arrange for dismissal of those actions with prejudice.  QBE needs and is entitled to nothing more.

      QBE's fifth concern:  Polish Steamship's "supplemental process against QBE's law firm."  As noted above at point three, Polish Steamship, a party to the Proposed Order, has agreed to dismiss its maritime attachment action, in its entirety, which would include the process against QBE's firm.  Further, Polish Steamship has agreed that QBE's payments are not in violation of the maritime attachment orders it obtained.  QBE's concerns are meritless.

      We respectfully urge the Court to enter the Proposed Order as submitted on Friday, a copy of which is annexed for the Court's convenience.

                            Respectfully submitted,

                              /s/

                            Michael T. Sullivan

MTS/na
Enc.
cc:    Stephen Kennedy, Esq. and Victoria Melcher, Esq. (by ECF, w/enc.)
        Counsel for Defendant QBE Insurance Corporation
    Kevin Lennon, Esq. w/enc. (by e-mail, w/enc.)
        Counsel for *Novel Commodities S.A. in Polish Steamship Company v. Novel Commodities S.A.*, No. 13-cv-2435 (WHP) (S.D.N.Y.)
    Edward Floyd, Esq. and Alan Van Praag, Esq. (by e-mail, w/enc.)
        Counsel for plaintiffs in *Polish Steamship Company v. Novel Commodities S.A.*, No. 13-cv-2435 (WHP) (S.D.N.Y.)
    Peter Gutowski, Esq. (by e-mail, w/enc.)
        Counsel for plaintiff in *Wind Shipping Company S.A. v. Novel Commodities S.A.*, No. 13-cv-1890 (YK) (M.D. Pa.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                              :
NOVEL COMMODITIES S.A.,                                       :
                                                              :      No. 11-cv-6339 (PGG)
                 Plaintiff,                                :
                                                              :      ECF CASE
       - v -                                                 :
                                                              :      STIPULATION AMONG PLAINTIFF
QBE INSURANCE CORPORATION,                                    :      AND CERTAIN GARNISHORS AND
                                                              :      ORDER RESPECTING CERTAIN
                 Defendant.                                :              PAYMENTS
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    **WHEREAS,** this Court entered a judgment in this action on May 30, 2013 in favor of Plaintiff Novel Commodities S.A. ("Novel") and against Defendant QBE Insurance Corporation ("QBE") (the "Judgment") in the amount of $11,651,523.18 (the "Judgment Amount"), no part of which has been paid and all of which remains unsatisfied;

    **WHEREAS,** on or about October 29, 2013, Novel served QBE with a Restraining Notice with respect to the Judgment Amount, and QBE now holds an amount equivalent to the Judgment Amount plus post-judgment interest through November 8, 2013, pending further agreement with Novel or further order by this Court;

    **WHEREAS,** on or about April 12, 2013, an Order of Attachment was issued pursuant to Supplemental Rule B in *Polish Steamship Company v. Novel Commodities S.A.*, 13-cv-2435 (WHP) (the "Polish Steamship Attachment Action"), and subsequently served on QBE, purporting to seize any funds, debts due to or property of Novel in the hands of QBE in the amount of $11,507,642.15; and

    **WHEREAS,** on or after July 18, 2013, an Order of Attachment was issued pursuant to Supplemental Rule B in *Wind Shipping Company S.A. v. Novel Commodities S.A.*, 13-cv-1890 (YK) (the "Wind Shipping Attachment Action"), and subsequently served on QBE, purporting to

seize any funds, debts due to or property of Novel in the hands of QBE in the amount of $418,532.56; and

**WHEREAS,** by letter dated November 5, 2013, QBE indicated to the Court that it was not taking any appeal from the Judgment and intended and was prepared to pay the Judgment Amount in full, but sought leave to pay the Judgment Amount into the registry of the Court as the means by which to resolve its obligations both to Novel under the Judgment and to the attaching creditors in the above referenced attachment actions; and

**WHEREAS**, on November 15, 2013, the Court conducted a conference and ordered the parties to submit briefing with respect to a possible interpleader action concerning a claim of Access Global Capital LLC ("Access Global");

**NOW THEREFORE IT IS STIPULATED AND AGREED** as follows:

1. Polish Steamship Company and Polsteam Shipping Company (collectively, "PSC"), plaintiffs in the Polish Steamship Attachment Action and Wind Shipping Company S.A. ("Wind Shipping"), plaintiff in the Wind Shipping Attachment Action, hereby enter their appearances in this action for the purpose of this Stipulation and Order and to subject themselves to the jurisdiction of this Court for enforcement of their duties and obligations hereunder.

2. Novel, PSC, and Wind Shipping agree to resolve any and all claims they have to the Judgment Amount in exchange for QBE's distribution of the Judgment Amount as described below:

    a. **$6,000,000.00** to be paid to an account specified in writing by PSC (said funds to serve as security for the claims of PSC against Novel in a certain ongoing London litigation between those parties bearing action number 2013 Folio 411 (the "London Litigation"));

    b. **$796,606.72** to be paid to an account specified in writing by PSC (said funds to satisfy a certain London arbitration award dated July 10, 2013 in favor of PSC and against Novel (which award was

2

   issued in a pending LMAA arbitration in London (the "London Arbitration"));

 c. **$90,000.00** to be paid to an account specified in writing by PSC (said funds to satisfy any and all other of PSC's claims, including demurrage, by PSC against Novel which are currently pending in the London Arbitration and which arise from a charter party dated May 29, 2012); and

 d. **$235,000.00** to be paid to an account specified in writing by Wind Shipping (said funds to serve as full and final satisfaction of all claims arising under a certain charter party dated August 1, 2012 for the M/V SEA WIND);

3. **$626,882.47** shall be paid to an account specified in writing by Sullivan & Worcester LLP ("S&W") (said funds to serve as satisfaction of certain outstanding legal charges and a charging lien)

4. **$900,000.00** shall be maintained by QBE as garnishee, pending: (i) the Court's determination of the validity of a possible interpleader action regarding the claim asserted by Access Global; and (ii) the Court's entry of a final, non-appealable order directing the distribution of this amount.

5. **The remaining balance of the Judgment Amount** shall be paid to an account specified in writing by Novel.

6. Novel, PSC, Wind Shipping, and S&W shall provide QBE with appropriate wire transfer instructions for the payment of the amounts specified in Paragraphs 2(a), 2(b), 2(c), 2(d), 3, and 5 (the "Agreed Payments") within one business day following the Court's entry of this Stipulation and Order.

7. QBE's payment of the Agreed Payments shall be net of all reasonable bank charges actually incurred by QBE in connection with the wire transfers required hereunder.

8. QBE shall effect the payment of the Agreed Payments by wire transfer within one business day following the receipt of instructions from the parties or their counsel.

9. To the extent practicable, all wire transfers sent as payment of the Agreed Payments shall be effected simultaneously. QBE shall give prompt notice to the parties and their counsel of the completion of the wire transfers.

10. PSC and Wind Shipping stipulate and agree that payment of the Agreed Payments shall not constitute a violation of the orders of attachment issued in the Polish Steamship Attachment Action or the Wind Shipping Attachment Action.

11. PSC and Wind Shipping agree to take any and all steps to effectuate dismissal of their respective attachment actions, without costs, immediately upon payment and safe receipt of the Agreed Payments (with respect to PSC's pending attachment actions in the Southern District of New York, as well as a parallel proceeding in the District of New Jersey, said dismissals will be *with prejudice* as to PSC's claims for security but *without prejudice* as to PSC's underlying claims pending in the London Arbitration and in the London Litigation).

12. Upon completion of the wire transfers, QBE shall be discharged from further liability respecting the Agreed Payments.

13. This Stipulation may be executed by facsimile signature and in one or more counterparts, each of which when so executed and delivered shall be deemed to be an original, but all of which taken together form but one and the same instrument.

Dated: November 15, 2013

| | |
|---|---|
| Plaintiff/Judgment Creditor<br>NOVEL COMMODITIES S.A.<br><br>By: /s/ Michael T. Sullivan<br>———————————————<br>Michael T. Sullivan<br><br>SULLIVAN & WORCESTER LLP<br>1633 Broadway, 32nd Floor<br>New York, NY 10019<br>(212) 660-3000 – phone<br>(212) 660-3001 – fax<br>msullivan@sandw.com | Interested Parties<br>POLISH STEAMSHIP COMPANY and<br>POLSTEAM SHIPPING COMPANY<br><br>By:———————————————<br>Edward Floyd<br><br>EATON & VAN WINKLE, LLP<br>3 Park Avenue<br>New York, NY 10016<br>(212) 779-9912 – phone<br>(212) 779-9928 – fax<br>efloyd@evw.com |
| Interested Party<br>WIND SHIPPING COMPANY, S.A.<br><br>By: ———————————————<br>Peter J. Gutowski<br><br>FREEHILL, HOGAN & MAHAR, LLP<br>80 Pine Street, 24th Floor<br>New York, NY 10005<br>(212) 425-1900 – phone<br>(212) 425-1901 – fax<br>gutowski@freehill.com | Interested Party<br>SULLIVAN & WORCESTER LLP<br><br>By: /s/ Michael T. Sullivan<br>———————————————<br>Michael T. Sullivan<br><br>1633 Broadway, 32nd Floor<br>New York, NY 10019<br>(212) 660-3000 – phone<br>(212) 660-3001 – fax<br>msullivan@sandw.com |

SO ORDERED this _____ day of November, 2013

———————————————
Hon. Paul G. Gardephe, USDJ

5

Dated: November 15, 2013

| | |
|---|---|
| Plaintiff/Judgment Creditor<br>NOVEL COMMODITIES S.A.<br><br>By: _____<br>      Michael T. Sullivan<br><br>SULLIVAN & WORCESTER LLP<br>1633 Broadway, 32nd Floor<br>New York, NY 10019<br>(212) 660-3000 – phone<br>(212) 660-3001 – fax<br>msullivan@sandw.com | Interested Parties<br>POLISH STEAMSHIP COMPANY and<br>POLSTEAM SHIPPING COMPANY<br><br>By: */s/ Edward Floyd*<br>      Edward Floyd<br><br>EATON & VAN WINKLE, LLP<br>3 Park Avenue<br>New York, NY 10016<br>(212) 779-9912 – phone<br>(212) 779-9928 – fax<br>efloyd@evw.com |
| Interested Party<br>WIND SHIPPING COMPANY, S.A.<br><br>By: _____<br>      Peter J. Gutowski<br><br>FREEHILL, HOGAN & MAHAR, LLP<br>80 Pine Street, 24th Floor<br>New York, NY 10005<br>(212) 425-1900 – phone<br>(212) 425-1901 – fax<br>gutowski@freehill.com | Interested Party<br>SULLIVAN & WORCESTER LLP<br><br>By: _____<br>      Michael T. Sullivan<br><br>1633 Broadway, 32nd Floor<br>New York, NY 10019<br>(212) 660-3000 – phone<br>(212) 660-3001 – fax<br>msullivan@sandw.com |

SO ORDERED this _____ day of November, 2013

_____
Hon. Paul G. Gardephe, USDJ

5

Dated: November 15, 2013

| | |
|---|---|
| Plaintiff/Judgment Creditor<br>NOVEL COMMODITIES S.A. | Interested Parties<br>POLISH STEAMSHIP COMPANY and<br>POLSTEAM SHIPPING COMPANY |

By: _____
      Michael T. Sullivan

By:_____
      Edward Floyd

SULLIVAN & WORCESTER LLP
1633 Broadway, 32nd Floor
New York, NY 10019
(212) 660-3000 – phone
(212) 660-3001 – fax
msullivan@sandw.com

EATON & VAN WINKLE, LLP
3 Park Avenue
New York, NY 10016
(212) 779-9912 – phone
(212) 779-9928 – fax
efloyd@evw.com


Interested Party
WIND SHIPPING COMPANY, S.A.

By: /s/ Peter J. Gutowski       /MTS/
      Peter J. Gutowski

FREEHILL, HOGAN & MAHAR, LLP
80 Pine Street, 24th Floor
New York, NY 10005
(212) 425-1900 – phone
(212) 425-1901 – fax
gutowski@freehill.com

Interested Party
SULLIVAN & WORCESTER LLP

By:_____
      Michael T. Sullivan

1633 Broadway, 32nd Floor
New York, NY 10019
(212) 660-3000 – phone
(212) 660-3001 – fax
msullivan@sandw.com


SO ORDERED this _____ day of November, 2013


_____
Hon. Paul G. Gardephe, USDJ