

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

Direct Line:  212 660 3024
msullivan@sandw.com

November 25, 2013

**BY ECF AND FACSIMILE**

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: <u>Novel Commodities S.A. v. QBE Insurance Corporation, 11 Civ. 6339 (PGG)</u>

Dear Judge Gardephe:

   We represent the judgment creditor in the referenced action, Novel Commodities S.A. ("Novel").  We write to inform the Court of recent developments which, we submit, resolve the outstanding substantive issues, except that which relates to Access Global Capital, LLC ("Access").

   On November 15, 2013, Novel submitted a Stipulation and Proposed Order providing for the disbursement of the entirety of the judgment amount (the "Agreed Payments"), less $900,000, the amount set out in correspondence from counsel for Access.  In response, in correspondence dated November 18, 2013 (dkt. no. 107), judgment debtor QBE Insurance Corporation ("QBE") listed five "concerns" about the Stipulation and Proposed Order.  The third of these concerns relates to the impact of outstanding orders of maritime attachment issued in two different actions before two different courts (the "Maritime Actions").[1]

   While Novel and the plaintiffs in the Maritime Actions maintain that QBE's concerns are adequately addressed in the Stipulation and Proposed Order, the plaintiffs in the Maritime Actions have nonetheless today submitted proposed consent orders to the relevant courts, which accomplish the following:

   1.  Authorize QBE to make the Agreed Payments;

   2.  Expressly provide that making the Agreed Payments will not violate the courts' maritime attachment orders; and

   3.  Provide for dismissal of the Maritime Actions upon QBE's completion of the Agreed Payments.

Copies of the proposed consent orders are attached hereto as Exhibits A and B.

---

[1] Those actions are:  *Polish Steamship Co. v. Novel Commodities S.A.*, No. 13-cv-2435 (WHP) (S.D.N.Y.) and *Wind Shipping Company S.A. v. Novel Commodities S.A.*, No. 13-cv-1890 (YK) (M.D. Pa.).

The Honorable Paul G. Gardephe
Page 2
November 25, 2013

We expect that the courts in the Maritime Actions will swiftly enter the consent orders and we will immediately inform this Court of any developments.  We respectfully submit that these orders will fully address QBE's third concern, as described in its November 18 letter, respecting the Maritime Actions and the related maritime attachment orders.

The remaining issues raised in QBE's letter are as follows:

1.  <u>QBE's First Concern</u>: the amount to be withheld in response to the claim by Access.  QBE suggests that the amount of $900,000 withheld in the Stipulation and Proposed Order may not be sufficient to cover the claim asserted by Access.  Access's letter of November 20, 2013 alleges entitlement to "$862,190 plus interest from March, 2010."  Given the thin nature of the still unpled allegations, a $900,000 provisional hold back is more than adequate.  We anticipate argument addressing this concern at tomorrow's conference.

2.  <u>QBE's Second Concern</u>: the Restraining Notice.  As QBE acknowledges, Novel immediately withdrew the restraining order that it served on QBE's bank, JP Morgan Chase, once QBE confirmed that it was holding the Judgment Amount.  Novel has not re-served that Restraining Notice.  Upon QBE's satisfaction of the judgment, Novel's ability to serve or re-serve any garnishee will terminate.

3.  <u>QBE's Fourth Concern</u>: QBE's proposed exculpatory language.  The Stipulation and Proposed Order provides that upon completion of the Agreed Payments, QBE is to be discharged from any liability respecting those payments.  If the courts in the Maritime Actions enter the consent orders submitted today, this language because superfluous.  But, in the meantime, we submit that the proposed language is sufficient.  In any event, QBE's requested language is not acceptable:  QBE's language, if accepted, would provide QBE with a discharge of its obligations to pay the entirety of the judgment, not merely that part which is addressed by the Agreement Payments, as soon as it pays the lesser Agreed Payments.

4.  <u>QBE's Fifth Concern</u>:  the order of maritime attachment served by Polish Steamship (the plaintiff in one of the Maritime Actions) on Clyde & Co., QBE's counsel.  Clyde & Co. seeks an order vacating the maritime attachment order served upon it.  Given that the Agreed Payments, and indeed, the entirety of the Judgment Amount, is to be paid by QBE, Clyde & Co. appear wholly uninvolved as a potential garnishee.  In any event, the proposed consent order submitted today by Polish Steamship expressly exonerates Clyde & Co. for any assistance it might provide to the payment of the Agreed Payments.

Accordingly, we renew our request that the Court direct QBE to make the payments set out in the November 15, 2013 Stipulation and Proposed Order.

Respectfully submitted,

/s/

Michael T. Sullivan

The Honorable Paul G. Gardephe
Page 3
November 25, 2013

Enclosures

cc:  Stephen Kennedy, Esq. and Victoria Melcher, Esq. (by ECF)
        Counsel for Defendant QBE Insurance Corporation

     Kevin Lennon, Esq. (by e-mail, w/enc.)
        Counsel for *Novel Commodities S.A. in Polish Steamship Company v.*
        *Novel Commodities S.A.*, No. 13-cv-2435 (WHP) (S.D.N.Y.)

     Edward Floyd, Esq. and Alan Van Praag, Esq. (by e-mail, w/enc.)
        Counsel for plaintiffs in *Polish Steamship Company v. Novel Commodities S.A.*,
        No. 13-cv-2435 (WHP) (S.D.N.Y.)

     Peter Gutowski, Esq. (by e-mail, w/enc.)
        Counsel for plaintiff in *Wind Shipping Company S.A. v. Novel Commodities S.A.*,
        No. 13-cv-1890 (YK) (M.D. Pa.)

     Richard Yeskoo, Esq. (by e-mail, w/enc.)
        Counsel for Access Global Capital, LLC

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POLISH STEAMSHIP COMPANY, and POLSTEAM SHIPPING COMPANY<br><br>                  Plaintiffs,<br><br>    -against-<br><br>NOVEL COMMODITIES S.A.<br><br>                   Defendant. | Civil Action No. 13-cv-2435 (WHP)<br><br>ECF Case<br><br>**STIPULATION**<br>**AND**<br>**[PROPOSED FORM OF] ORDER** |

1.    WHEREAS, on or about April 11, 2013 Plaintiffs, POLISH STEAMSHIP COMPANY and POLSTEAM SHIPPING COMPANY ("Plaintiffs") instituted the within action seeking, *inter alia*, the attachment of assets of Defendant, NOVEL COMMODITIES S.A. ("Defendant" or "Novel") up to the amount of $11,507,642.15 within the district pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure;

2.    WHEREAS, on or about April 12, 2013, the Court issued an Order for Issuance of Process of Maritime Attachment and Garnishment (the "Order for Issuance") as prayed for in Plaintiffs' Complaint and the Clerk of the Court thereafter issued various Processes of Maritime Attachment and Garnishment (the "PMAGs");

3.    WHEREAS, Plaintiffs thereafter served the PMAGs on various garnishees, including QBE Insurance Corporation ("QBE"), in order to seize any funds, debts due to, or property of Novel in the hands of QBE and up to the amount set forth in the Order for Issuance and in the PMAGs;

4.    WHEREAS, on or about May 30, 2013, a judgment, in the amount of $11,651,523.18 (the "Judgment Debt" or, up to the amount of $11,507,642.15, the "Attached

Funds"), was entered in favor of Novel and against QBE in an action captioned as *Novel Commodities S.A. v. QBE Insurance Corporation*, 11-cv-6339 (S.D.N.Y.) (PGG) (the "*Novel v. QBE* Case");

5.    WHEREAS, Plaintiffs and Novel have entered into agreement(s) which, subject to the terms that are set forth in those agreements, would, *inter alia*, establish a basis for substitute security to replace the attachment which Plaintiffs obtained in this Rule B action by having certain proceeds from the Judgment Debt disbursed, as follows:

> a. **$6,000,000.00** to be paid to an account specified in writing by Plaintiffs via their attorneys (said funds to serve as security for the claims of Plaintiffs against Novel in a certain ongoing London litigation between those parties bearing action number 2013 Folio 411 [the "London Litigation"]);
>
> b. **$796,606.72** to be paid to an account specified in writing by Plaintiffs via their attorneys (said funds to satisfy a certain London arbitration award dated July 10, 2013 in favor of Plaintiffs and against Novel [which award was issued in a pending LMAA arbitration in London] [the "London Arbitration"]); and
>
> c. **$90,000.00** to be paid to an account specified in writing by Plaintiffs via their attorneys (said funds to satisfy any and all other of Plaintiffs' claims against Novel, including demurrage, which are currently pending in the London Arbitration and which arise from a charter party dated May 29, 2012);

6.    WHEREAS, the payments described in subparagraphs 5(a),(b), and (c) are hereinafter referred to as the "Agreed Payments to Plaintiffs";

7.    WHEREAS, on or about November 15, 2013, counsel for Plaintiffs, together with

counsel for Novel in the *Novel v. QBE* Case, and with counsel for another claimant against Novel, signed a stipulation calling for, *inter alia*, disbursement of funds from the Judgment Debt pursuant to the provisions of that stipulation, inclusive of the Agreed Payments to Plaintiffs (the "November 15 Stipulation");

8.     WHEREAS, QBE has opposed entry of an order giving effect to the November 15 Stipulation on grounds set forth in a letter, dated November 18, 2013, from counsel for QBE to the Court in the *Novel v. QBE* Case (11-cv-6339, Dkt. No. 107) (the "November 18 Letter");

9.     WHEREAS, the parties to this action seek to eliminate some of the purported concerns that have apparently given rise to QBE's opposition to entry of an order in the *Novel v. QBE* Case which would implement the November 15 Stipulation;

10.     WHEREAS, the parties to this action seek to eliminate QBE's aforementioned and purported concerns by expressly stipulating, agreeing, and stating that:

    a.  QBE's payment of the Agreed Payments to Plaintiffs, as well as the other payments described in the November 15 Stipulation, shall not constitute a violation of the Order for Issuance or of the PMAGs issued in this action;

    b.  The involvement of Clyde & Co US LLP in taking part, or otherwise assisting, in QBE's making of the Agreed Payments to Plaintiffs, as well as the other payments described in the November 15 Stipulation, shall not constitute a violation of the Order for Issuance or of the PMAGs issued in this action; and

    c.  Upon completion of the wire transfers used by QBE to pay the Agreed Payments to Plaintiffs, QBE shall be discharged from any further liability respecting the Agreed Payments to Plaintiffs or otherwise respecting this

Action; and

11.     WHEREAS, Plaintiffs and Novel have agreed that they will take any and all steps to effectuate dismissal of this action (together with Plaintiffs' parallel Rule B proceeding against Novel which is pending in the United States District Court for the District of New Jersey bearing case number 2013-cv-3143), without costs, immediately upon payment and safe receipt of the Agreed Payments to Plaintiffs, with said dismissals being *with prejudice* as to Plaintiffs' claims for security but *without prejudice* as to Plaintiffs' underlying claims pending in the London Arbitration and in the London Litigation;

NOW THEREFORE,

IT IS ORDERED that QBE shall pay the Agreed Payments to Plaintiffs in the amounts, by the methods, and pursuant to the instructions set forth in subparagraphs 5(a),(b), and (c) of the foregoing stipulation; and

IT IS FURTHER ORDERED that QBE's payment of the Agreed Payments to Plaintiffs, as well as the other payments described in the November 15 Stipulation, shall not constitute a violation of the Order for Issuance or of the PMAGs issued in this action; and

IT IS FURTHER ORDERED that the involvement of Clyde & Co US LLP in taking part, or otherwise assisting, in QBE's making of the Agreed Payments to Plaintiffs, as well as the other payments described in the November 15 Stipulation, shall not constitute a violation of the Order for Issuance or of the PMAGs issued in this action; and

IT IS FURTHER ORDERED that, upon completion of the wire transfers used by QBE to pay the Agreed Payments to Plaintiffs, QBE shall be discharged from any further liability respecting the Agreed Payments to Plaintiffs or otherwise respecting this Action.

**SO ORDERED:**

_____
Hon. William H. Pauley

We consent to entry of the foregoing Order:

Dated: November 25, 2013

The Plaintiffs,
POLISH STEAMSHIP COMPANY
POLSTEAM SHIPPING COMPANY

By: _____
Edward Floyd

EATON & VAN WINKLE, LLP
3 Park Avenue
New York, NY 10016
(212) 779-9912 – phone
(212) 779-9928 – fax
efloyd@evw.com

The Defendant,
NOVEL COMMODITIES S.A.

By: _____
Kevin J. Lennon

LENNON, MURPHY, CAULFIELD
& PHILLIPS, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
klennon@lmcplegal.com

{00016465.DOCX;1}                    5

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WIND SHIPPING COMPANY S.A.,

Plaintiff,

vs.

NOVEL COMMODITIES S.A.,

Defendant

and

QBE INSURANCE CORP.,

Garnishee

No. 13-cv-01890
(Chief Judge Kane)

Consent Order Authorizing Payment of
Settlement Funds by Garnishee

WHEREAS Plaintiff, Wind Shipping Co. S.A. ("Plaintiff"), having confirmed to the Court that the underlying claim against the Defendant Novel Commodities S.A. ("Novel") which gave rise to the filing of this action and the issuance of Process of Maritime Attachment and Garnishment has been settled, subject to payment of the settlement sum of $235,000 (the "Settlement Amount") to the Plaintiff; and

WHEREAS Plaintiff has further reported to the Court that the payment of the referenced Settlement Amount is to be remitted to the Plaintiff by QBE Insurance Corp. ("QBE"), the Garnishee herein and a judgment debtor of Defendant Novel, contemporaneously with certain additional payments by QBE (collectively, with the Settlement Amount, the "Agreed Payments") which are described in a certain stipulation executed on November 15, 2013 and submitted in an action entitled *Novel Commodities S.A. v. QBE Insurance Corp.*, 11-cv-6339 (PGG) (S.D.N.Y) ; and

WHEREAS QBE has requested the Plaintiff secure an order from this Court confirming that its transfer of the Agreed Payments will not violate the Process of Maritime Attachment and

Garnishment or the order directing the issuance of same in this action (collectively "the Attachment Order"), and that QBE is authorized to do so:

NOW THEREFORE IT IS HEREBY ORDERED that the transfer of the Agreed Payments by QBE shall not constitute a violation of the Attachment Order issued herein, provided that QBE shall transfer the Settlement Amount in conformity with wire instructions provided, by counsel for Plaintiff and provided further that QBE shall transfer the Settlement Amount contemporaneously with its transfer of the other Agreed Payments; and,

IT IS FURTHER ORDERED that the involvement of Clyde & Co US LLP, counsel for QBE, in taking part, or otherwise assisting in QBE's making of the Agreed Payments to Plaintiff and the other recipients of the Agreed Payments shall not constitute a violation of the Attachment Order; and

IT IS FURTHER ORDERED that upon Plaintiff's receipt of the Settlement Amount, less any reasonable and actual bank charges incurred by QBE, Plaintiff shall promptly file a stipulation of dismissal of this action with prejudice and without costs.

Dated:   November ___, 2013

                              SO ORDERED

                              _____
                              Yvette Kane, Chief Judge

Plaintiff Wind Shipping hereby consents to the entry of this order.

PALMER BIEZUP & HENDERSON LLP

By: _____
    Richard Q. Whelan
    190 N. Independence Mall West
    Suite 401
    Philadelphia, PA  19106
    (215) 625-9900
    (215) 625-0185 (fax)
    rwhelan@pbh.com fpd@pbh.com
    *Attorneys for Wind Shipping Company S.A.*

{N0362277; 1}409132.1